MAY WILLIAMS, Respondent, *v.* CORNELIUS WILLIAMS, Appellant.

The term "desertion," as used in the law of divorce, contemplates a voluntary separation of one party from the other, without justification and with the intention of not returning.

The marriage relation is not a *res* within the state of the party invoking the jurisdiction of a court to dissolve it, so as to authorize the court to bind an absent party, a citizen of another state, by substituted service or actual notice given without the jurisdiction of the court where the action is pending.

A judgment, therefore, of divorce rendered in another state against a resident of this state, where there has been no personal service of process within the state rendering it, and no personal appearance by the defendant in the action, is inoperative and void in this state.

*Maynard* v. *Hill* (125 U. S. 190); *Cheely* v. *Clayton* (110 U. S. 701), distinguished.

A state may adjudge the status of its citizens towards a non-resident, and so long as the operation of such a judgment is kept within its own confines, other states must acquiesce, but it has no effect beyond the limits of the state.

In an action for a separation the following facts appeared: The parties were married in this state in 1879; they lived together until in April, 1880, when defendant refused to permit plaintiff to live with him unless she would give up all intercourse with her mother; no reason was disclosed for imposing such condition, and plaintiff declining to accede to it, they did not thereafter live together. In 1882 defendant removed to Minnesota; before he left, plaintiff offered unconditionally in good faith to live with him; this he refused. He procured a divorce in Minnesota from plaintiff on the ground of desertion; she was personally served out of that state with the summons and complaint in the divorce suit. The judgment-roll therein was offered in evidence and excluded. *Held*, no error.

The court found as a fact that defendant had abandoned plaintiff, and rendered judgment as prayed for in the complaint. *Held*, no error; that defendant had no cause of action in this state against plaintiff for desertion; that plaintiff's act in leaving him was not voluntary, and upon her offer to return unconditionally, defendant was not justified in refusing to receive her; that plaintiff being legally the wife of defendant within this state, must be considered as legally entitled to all the rights flowing from that relation under the Constitution and laws of the state and of the United States.

(Argued October 22, 1891; decided December 1, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made the first Monday of May, 1889, which modified, and affirmed as modified, a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

This action was brought 'to obtain a judgment separating the parties from bed and board forever, and was based upon an allegation that the defendant had abandoned the plaintiff in August, 1882, and refused to permit her to return to him.

The defendant denied the allegation of abandonment, and alleged that the plaintiff had abandoned him in 1880.

He further set up in his defense a judgment of divorce in his favor from the plaintiff, rendered in the District Court of Ramsay county, in the state of Minnesota, in January, 1884, which court was alleged to be a court of general jurisdiction under the laws of that state.

The parties were married in this state in 1879, and the defendant resided here until August, 1882, when he removed to Minnesota. The plaintiff continued to reside in New York, and was, at the commencement of this action, a resident of this state. The summons and complaint in the Minnesota action were personally delivered to her while temporarily stopping in Philadelphia. The judgment-roll in the Minnesota action was offered in evidence upon the trial and excluded.

The court found as a fact that the defendant abandoned the plaintiff in August, 1882, and gave judgment in accordance with the prayer of the complaint.

Further facts appear in the opinion.

*Frank H. Platt* for appellant. The judgment of the Minnesota court, granting an absolute divorce to the husband, was valid and binding on the wife in the state of New York, even though the summons was not served on the wife in Minnesota. (*Maynard* v. *Hill*, 125 U. S. 190; Const. U. S. art. 4, § 1; *Robinson* v. *Fair*, 128 U. S. 87; *Settlemeier* v. *Sullivan*, 97 id. 444; *Cheely* v. *Clayton*, 110 id. 701; *Cheever* v. *Wilson*, 9 Wall. 108; *Burlen* v. *Shannon*, 115 Mass. 438; Freeman on

Judg. § 585.) The burden was on the wife to prove that, at the time of the service of the Minnesota process on her, she was not domiciled in a state where the Minnesota decree was deemed valid. (*Burlen* v. *Shannon*, 115 Mass. 438; *Van Voorhis* v. *Brintnall*, 86 N. Y. 18; *Moore* v. *Hegeman*, 92 id. 521.) The Minnesota judgment should have been admitted in evidence to show the status of the husband in Minnesota, and thereupon the New York decree should have been limited so as to except him from its operation at least in Minnesota. (*People* v. *Baker*, 76 N. Y. 78.) The court should have found as a conclusion of law, from the facts found, that the wife abandoned the husband in 1880. (Code Civ. Pro. §§ 1762, 1765; *Uhlman* v. *Uhlman*, 17 Abb. [N. C.] 261; *Barlow* v. *Barlow*, 2 Abb. [N. S.] 259; *Shaw* v. *Shaw*, 17 Conn. 195; *Fulton* v. *Fulton*, 36 Miss. 518; *Pierce* v. *Pierce*, 33 Iowa, 238; *Steen* v. *Steen*, 17 Conn. 189; *Hardin* v. *Hardin*, 17 Ala. 250; *People* v. *Pettit*, 74 N. Y. 320; *Waltermire* v. *Waltermire*, 110 id. 187; *Davis* v. *Davis*, 55 Barb. 133.) The wife having completely abandoned her husband in 1880, and having remained away from him for a long period, his defense on that ground, and even his right to a decree of separation, cannot be defeated by her later offers to return to him. (*Uhlmann* v. *Uhlmann*, 17 Abb. [N. C.] 261; *Benkert* v. *Benkert*, 32 Cal. 467; *Cargill* v. *Cargill*, 1 S. & T. 235; *Basing* v. *Basing*, 3 id. 516; *Hanberry* v. *Hanberry*, 29 Ala. 720.)

*Austen G. Fox* for respondent. The defendant's conduct in changing his residence from New York to St. Paul, Minnesota, with the intention of residing there permanently, his refusal to allow the plaintiff to accompany him, and his institution in Minnesota of proceedings to secure a divorce from the plaintiff, all show that before the commencement of this action he had abandoned the plaintiff. (1 Bishop on Mar. & Div. [6th ed.] 594, §§ 784, 786; *Magrath* v. *Magrath*, 103 Mass. 577; *Clearman* v. *Clearman*, 18 N. Y. S. R. 272; *Ahrenfeldt* v. *Ahrenfeldt*, Hoff. Ch. 47, 53; *Uhlman* v. *Uhlman*, 17 Abb. [N. C.] 237, 259, 260; *Mallinson* v. *Mallin-*

*son*, L. R. [1 P. & D.] 94 ; *Yeatman* v. *Yeatman*, Id. 489, 491 ; *Dallas* v. *Dallas*, 31 L. T. 271.) In order to establish his affirmative defense that the plaintiff was guilty of abandoning him in April, 1880, the defendant was bound to prove, by a preponderance of evidence, that when the plaintiff took lodgings with her mother she did so finally and with the intention of not returning to the defendant, and the court having passed upon this question of fact adversely to the defendant this court will not review the determination thereof. (*Clearman* v. *Clearman*, 18 N. Y. S. R. 272 ; *Uhlman* v. *Uhlman*, 17 Abb. [N. C.] 260 ; 1 Bishop on Mar. & Div. § 1672 ; *Ahrenfeldt* v. *Ahrenfeldt*, 1 Hoff. Ch. 47.) The finding of the court that, as matter of fact, the defendant had failed to establish that the plaintiff's act was final, or was done without the intention of returning, has ample support in the evidence and is not reviewable in this court. (*DeMeli* v. *DeMeli*, 120 N. Y. 485 ; *Justice* v. *Lang*, 52 id. 323.) Plaintiff's repeated efforts to bring about a reconciliation were more than enough to show both her own good faith and the defendant's duty to receive her. (1 Bishop on Mar. & Div. [6th ed.] § 810 ; *Fellows* v. *Fellows*, 31 Me. 342 ; *Grove's Appeal*, 37 Penn. St. 443 ; *Miller* v. *Miller*, Saxon's Ch. 386 ; *Hanberry* v. *Hanberry*, 29 Ala. 719 ; *Crow* v. *Crow*, 23 id. 583 ; *English* v. *English*, 6 Grant Ch. 580 ; *McGuchen* v. *McGahey*, 11 Johns. 281 ; *Blowers* v. *Sturtevant*, 4 Den. 46 ; *Cunningham* v. *Irwin*, 7 S. & R. 247.) The copy of a so-called judgment of a court in Minnesota was properly rejected. (Bigelow on Est. [4th ed.] 675 ; *Plummer* v. *Woodburne*, 4 B. & C. 625 ; *Frayes* v. *Worms*, C. B. [N. S.] 149 ; *Smith* v. *Nicolls*, 7 Scott, 147 ; *O'Dea* v. *O'Dea*, 101 N. Y. 23 ; *Jones* v. *Jones*, 108 id. 424 ; *Cross* v. *Cross*, Id. 630 ; *People* v. *Baker*, 76 id. 78 ; *DeMeli* v. *DeMeli*, 120 id. 485 ; *Stone* v. *Pease*, 8 Conn. 541 ; *Pennoyer* v. *Neff*, 95 U. S. 714.)

Brown, J. The chief ground upon which the appellant asks a reversal of the judgment in this action is that the court erred in refusing to find as a conclusion of law that the plain-

tiff had abandoned him two years prior to his leaving this state and taking up his residence in Minnesota.

The evidence is substantially undisputed that the defendant refused to permit the plaintiff to live with him, unless she absolutely gave up all intercourse with her mother.

The parties were married in June, 1879, and lived together in a house in 59th street in New York, until the latter part of April, 1880, when the lease thereof expired. When preparing to remove from this house, the defendant's command to his wife was: "When you leave this house, you are not to see your mother. * * * You shall not go where she is; you will have no communication with her; you shall not write to her — have no communication with her whatever. If you want to see your mother you cannot go with me."

The condition thus imposed upon the plaintiff was never withdrawn, and under it she refused to live with the defendant.

The cause for this disagreement is not disclosed in the record, but the evidence amply justified the conclusion that the plaintiff was always willing to live with the defendant if he would permit her occasionally to visit her mother, and before he left the state she offered unconditionally and in good faith to return to him, and this he refused to permit her to do, but left New York and took up his residence in Minnesota where he procured a decree of divorce against her.

Under these circumstances it is clear that the defendant never had a cause of action in this state against the plaintiff for desertion. That term as used in the law of divorce contemplates a voluntary separation of one party from the other without justification, with the intention of not returning.

It could not be said in this case that the plaintiff's act in leaving her husband was voluntary. It was coerced by a harsh and unnatural condition, and she was at no time unwilling to return and live with him as his wife if that condition was withdrawn.

The evidence discloses nothing more than a temporary separation of the parties because of a disagreement. There was no desertion by either party, and neither up to the time of the

husband's refusal to receive the plaintiff, in the summer of 1882, had a cause of action against the other.

But upon the plaintiff's offer to return unconditionally, the defendant was without legal excuse in refusing to receive her. It is also claimed that it was error to refuse to admit in evidence the record of the Minnesota decree, and upon this point it is claimed that the rule heretofore prevailing in this state with reference to judgments of divorce rendered in other states against residents of this state where there was no personal service of process within the state rendering the decree and no personal appearance by the defendant in the action has been changed by recent decisions of the Supreme Court of the United States.

In support of this claim we are referred by the appellant to *Maynard* v. *Hill* (125 U. S. Rep. 190) and *Cheely* v. *Clayton,* (110 id. 701).

The latter case turned upon the construction of the statutes of the territory of Colorado relating to the service of a summons upon a non-resident, and following the decision of the highest court of the territory the Supreme Court held the service in the case before it defective and the decree void.

*Maynard* v. *Hill* was an action in equity to charge the defendants as trustees of certain lands in Washington territory and to compel a conveyance thereof to the plaintiffs.

The case involved the legality of a legislative divorce granted by the legislature of the territory of Oregon, but the consideration of this question was by the facts of the case confined wholly to the territory within which the decree was granted. Neither case questioned the rule prevailing in this state, and the decree in *Maynard* v. *Hill* goes no further than that a divorce granted without service upon or personal appearance of the defendant establishes the status of the parties to it within the state in which it was rendered. It does not overrule the decisions of this state, but it is in harmony with them, as it has never been denied by our courts that a state may adjudge the status of its citizens towards a non-resident, and that so long as the operation of the judgment is kept within

its own confines other states must acquiesce. (*People* v. *Baker*, 76 N. Y. 78–84.)

This subject had very full and careful consideration in the case cited, which was an extreme one, and until it is squarely overruled by a court of ultimate authority, must and will be regarded as settling the law in this state. (*O'Dea* v. *O'Dea*, 101 N. Y. 23; *Jones* v. *Jones*, 108 id. 415–424; *DeMeli* v. *DeMeli*, 120 id. 485–495.)

It is also claimed by the defendant that the Minnesota decree should have been admitted in evidence for the purpose of limiting the effect of the judgment in this state.

This argument is based upon the anticipation that the plaintiff may seek to enforce the judgment for alimony in the jurisdiction where the defendant resides, and upon the fact that the plaintiff had actual notice of the pendency of the Minnesota action.

The argument is fully answered in the case of *O'Dea* v. *O'Dea* and *Jones* v. *Jones* (*supra*).

In the former case it appeared that the process of the Ohio court was actually delivered to the defendant, and she had notice of and was personally present at the taking of depositions on the part of the plaintiff in Toronto. This court held, however, that the Ohio court acquired no jurisdiction over her person, and that the decree was void. .

In *Jones* v. *Jones* a decree of divorce granted in Texas, where service was made out of the state, was held valid on the sole ground that defendant appeared in the action and submitted herself to the jurisdiction of the court, but it was said in that case that "the marriage relation is not a *res* within the state of the party invoking the jurisdiction of a court to dissolve it, so as to authorize the court to bind the absent party, a citizen of another jurisdiction, by substituted service or actual notice of the proceedings given without the jurisdiction of the court where the proceeding is pending."

The decree granted in Minnesota being void was properly excluded. It could not be considered as having any effect upon the status of the plaintiff.

Being the wife of the defendant within this state, she must be considered as legally entitled to all the rights flowing from that relation under the Constitution and laws of the state and of the United States, and if the result be to compel defendant in the jurisdiction where he now resides to comply with our decree, that is a right to which she is entitled under the Constitution of the United States, and the courts of this state have no power to deny it to her.

The judgment should be affirmed.

All concur, except VANN, J., not voting.

Judgment affirmed.