(17 Misc. Rep. 268)

## DIGNAN v. DIGNAN.

(Supreme Court, Special Term, New York County.    June, 1896.)

1. DIVORCE—WHAT CONSTITUTES ABANDONMENT.
   To constitute abandonment, the cessation of cohabitation must be without the consent of the other party, and with the intention not to resume it.
2. SAME—OFFER OF RECONCILIATION.
   An alternative tender by the wife, either of separation with support, or of cohabitation with an independent provision, is not such an offer of reconciliation that its rejection will convict the husband of abandonment.

(Syllabus by the Court.)

Action by Ida Louisa Dignan against Matthew Dignan for divorce.    Complaint dismissed.

Charles W. Beattie, for plaintiff.
Truax & Crandal, for defendant.

PRYOR, J.    Upon review of the evidence, I am confirmed in the conclusion, announced on the trial, that the proof of cruelty is inadequate to a judgment of separation.    The only instance of cruelty adduced is roughness or violence in sexual intercourse the night of the marriage, and a repetition of the intercourse, on two other occasions, when, possibly, the plaintiff was not in condition for the function.    The copulation itself was in the exercise of defendant's marital right, and it is not shown either that its ill consequences were due to any wanton brutality on his part, or of serious detriment to the plaintiff.    The cruelty, she says, was not the provocation of her leaving his home, nor was it such as to prevent her from soliciting a renewal of the cohabitation.    It is a delicate topic, to be touched with delicacy, and I must be content to say that the peculiar injury inflicted by the defendant falls short of the sævitia necessary to a decree of separation.    Ruckman v. Ruckman, 58 How. Prac. 278.    On the other hand, the proof of the abandonment of the defendant by the plaintiff is equally insufficient.    She left him, undoubtedly, but, if not in compliance with his command, most certainly without the intention of never resuming cohabitation.

The only question in serious controversy is whether the defendant deserted the plaintiff.    "A decree should not have been granted, except upon very satisfactory proof of the fact of abandonment."    Williams, J., in Simon v. Simon (Sup.) 39 N. Y. Supp. 574, 575.    Considering that the burden of proof is upon the plaintiff, I am unable to conclude that she has established her case by the requisite evidence.    If I accept her statement that she never intended to abandon the defendant, where is the sufficient proof that he deserted her?    Abandonment excludes the consent of the parties, and involves a final and determinate renunciation of cohabitation; but neither the absence of such consent nor such definitive separation is apparent on the proofs.    The testimony of plaintiff's own witness (Muller) is clear and conclusive to the point:

"Q. What did the plaintiff say about their being separated?    A. She said that he was rough.    Q. What did she say about the reason they had parted?

A. Because they could not agree together; that he was so rough to her, and she could not stay with the man. She was afraid he would do something to her every night. Q. That is the reason she left him? A. That is the reason. * * * Q. Did she tell you she wanted to go back and live with her husband? A. Certainly; I told her I wanted to patch up the matter. Q. She told you she was willing to go back? A. Yes, certainly; and she wanted, and he wanted her to come. Q. Did she authorize you to try and effect a reconciliation between her and her husband? A. She told me to try, and he told me to try."

Here, then, are both parties assenting to the original separation, and subsequently endeavoring a reconciliation. The last effort to accommodate their differences was made by the plaintiff in her letter of November 21, 1895, less than a month before she brought the action. "A separation, followed by repeated negotiations for a return to each other, continued by the parties to the time of commencing the suit, is not such an abandonment as will support a decree of divorce from bed and board." Simon v. Simon, supra; Williams v. Williams, 130 N. Y. 193, 197, 29 N. E. 98.

The plaintiff's contention is that, whatever, hitherto, the relation of the parties, and whosesoever the blame, by the letter of November 21st she conclusively fastened the abandonment on the defendant. On the contrary, the letter, even supposing it in good faith, is not an unconditional overture of reconciliation nor an offer then to return to her husband. Her proposal is in the alternative,— either a separation with support, or a renewal of cohabitation upon satisfactory assurance of a proper provision. Surely this was not a withdrawal of her consent to the separation, but rather a suggestion of its continuance; nor an unqualified application for cohabitation, but an offer coupled with the condition of an independent maintenance. I am not favorably impressed with the conduct of the defendant towards the plaintiff, and it may be that, upon a more unequivocal tender of cohabitation, she may present a case which shall entitle her to relief. But upon the evidence before me I should not be justified in a decree of separation.

Complaint dismissed, without costs.