## PEOPLE v. NEYER.

### (Kings County Court. December 18, 1902.)

1. CRIMINAL LAW—WIFE ABANDONMENT—INFIDELITY.
   The infidelity of a husband is not in itself sufficient to constitute an abandonment under the statute making one who abandons his wife or children without means of support a disorderly person.

2. SAME—COMPETENCY OF WIFE AS WITNESS.
   Under Code Civ. Proc. § 831, providing that a wife is not competent to testify against the husband upon the trial of any action or proceeding founded upon the allegations of adultery, a wife is not a competent witness to prove the infidelity of her husband in a prosecution for abandonment, though Greater New York Charter, § 686, provides that she is a competent witness in such action as to all matters embraced in the complaint.

Appeal from magistrate's court.

George Neyer was convicted of being a disorderly person, for abandonment of his wife and children, and appeals. Reversed.

George L. Rives, Corp. Counsel, for the People.

David H. M. Weynberg, for defendant.

CRANE, C. J. The defendant has appealed from a conviction in the magistrate's court, adjudging him a disorderly person, for abandonment of his wife and children. Upon the argument before me it was stated by counsel for both sides that the ground of the abandonment was that the wife had discovered that her husband had committed adultery, and had so confessed to her; that he had up to that time provided her with a home and with the necessaries of life; and that he was still ready to do so. She left him and took her offspring because of this discovery of his infidelity, and not because of his failure or refusal to support her.

Two questions arise: First. Is the husband's infidelity, in itself, sufficient to constitute an abandonment, under the statute? Second. Is the wife a competent witness to prove the infidelity?

As to the first proposition, it has been repeatedly held that the law in reference to disorderly persons was passed for the benefit of the state, or the people constituting a county, and not to give a wife any new remedy, and that it is in the nature of a criminal proceeding to compel a husband to support his wife and children, and thus prevent them becoming a charge upon the county. The statute is in its nature criminal, and must be strictly construed, so that the abandonment must be actual, and not constructive. There must be an actual leaving of the wife and children, and an actual refusal or failure to provide for them. In this case there was no such actual leaving or refusal to provide, but the wife voluntarily left the husband and home provided, because of his adultery.

In the case of People v. Pettit, 74 N. Y. 320, it was said:

"Suppose the husband had committed adultery, and the wife was entitled to an absolute divorce; she would have a right to remain away and to institute legal proceedings for a divorce, in which she might obtain both temporary and permanent support; but, if the husband offered to support her, would he be liable under this statute? I think not."

Again, in People v. Naehr, 30 Hun, 464, it was said:

"If there is any foundation in the suggestion that the relator has committed adultery, the wife had an ample remedy in a suit for divorce and alimony."

And in the case of People v. Cullen, 153 N. Y. 638, 47 N. E. 894, 44 L. R. A. 420, it was said:

" 'Abandonment,' in the sense in which the term is used in the statute, means the actual and willful desertion by the husband of the wife. It is the willful act of actually leaving her or separating from her, and the withdrawal of all aid and protection implied in the marriage relation."

For these reasons, it will be seen that in this case there is not abandonment or desertion, or failure to support, within the meaning of the statute, and the defendant should not have been held.

On the question as to the second proposition, I think that the wife was an improper witness to testify as to the adultery. Section 831 of the Code of Civil Procedure says that a wife is not competent to testify against the husband upon the trial of an action or hearing upon the merits of a special proceeding founded upon the allegation of adultery. According to the decision in People v. Elliott, 172 N. Y. 146, 64 N. E. 837, this section of the Civil Code is applicable to criminal actions; and, as this case is founded upon the allegation of adultery, the wife is incompetent to testify thereto. It may be said by counsel that section 686 of the Greater New York charter makes the wife a competent witness against the husband as to the matter embraced in the complaint, but I think, however, that it does not apply to the cases enumerated in section 831 of 'he Code of Civil Procedure, for the following reasons: When the ɛ,,andonment laws first went into effect, in 1861, and as to Kings county in 1871, the wife could not be a witness against her husband in any criminal action; and it was therefore held that she could not testify against her husband as to any matters in an abandonment case because such a case was, in its nature, criminal. See People v. Crandon, 17 Hun, 490. To obviate this, and make her a witness against her husband as to abandonment, and so forth, chapter 395 of the Laws of 1871 enacted that she could so testify; and this provision has remained in this law through all its amendments, and was re-enacted with the other provisions in the charter of New York City, and still remains in that charter, although its presence is unnecessary, because in 1892 there was enacted a law permitting the wife to testify against her husband in all criminal proceedings (now section 751, Pen. Code). As this section of the abandonment law, permitting the wife to testify, was to obviate the old common-law rule, it was not its intention to enlarge the provisions of section 831 of the Code of Civil Procedure; and therefore, while she can be a witness generally against him, she cannot as to his adultery, where that criminal action is founded upon the said adultery.

I think, therefore, for these reasons, that the wife's testimony in this case was incompetent; and, because of the above, I reverse the decision of the magistrate and discharge the defendant.