PEOPLE ex rel. FEENEY, Commissioner, v. DERSHEM.

(Supreme Court, Appellate Division, Second Department. January 9, 1903.)

1. WIFE ABANDONMENT—WIFE A PUBLIC CHARGE.
   Under Greater New York Charter, § 685, providing that every person who abandons his wife without adequate support, or leaves her in danger of becoming a burden on the public, or who neglects to provide for her according to his means, or who threatens to leave his wife a burden upon the public, may be arrested, etc., it is essential to a conviction to show that the wife is in danger of becoming a public charge.

2. SAME—EVIDENCE—SUFFICIENCY.
   Where, on a trial for wife abandonment, the wife testified that her husband had offered to give her a flat "uptown," but that she did not take it, and was not willing to live with him, it did not sustain a conviction.

   Hirschberg, J., dissenting.

Appeal from Richmond county court.

Proceeding by the people, on the relation of James Feeney, commissioner of public charities of the city of New York, against William Dershem, for abandoning his wife. From a judgment of the county court affirming a judgment of conviction, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

J. J. Bennett, for appellant.
Herman Stiefel (Arthur F. Cosby, on the brief), for respondent.

JENKS, J. The offense is of criminal character, and the statute, being penal, must be strictly construed. People v. Cullen, 153 N. Y. 629, 47 N. E. 894, 44 L. R. A. 420. As the statute and its kind do not afford a civil remedy for the support of the wife, but are designed to prevent her from becoming a charge upon the public purse (Bayne

¶ 1. See Husband and Wife, vol. 26, Cent. Dig. § 1100.

v. People, 14 Hun, 181; People v. Naehr, 30 Hun, 461), an essential fact to be established was the danger of such charge (section 685, Greater New York Charter). We are not satisfied that the people clearly proved their case. The plaintiff, upon her direct examination, testified that her husband had offered to give her "a flat uptown," but that she "did not take it"; she did not care to accept. While it is true that she subsequently testified that she did not remember whether he had "ever offered her a home," she also testified that she was not willing to live with her husband. If it should appear upon the rehearing that the husband had in good faith offered to maintain his wife, who was unwilling to occupy a home with him, and that she had capriciously or unreasonably refused a fair provision for her keep, then he is without the purview of the statute. If, on the other hand, the offer was a mere formality, without good faith, or made under such conditions as assured its rejection, it would not, of course, shield him from the statute. Moreover, the testimony as to which one of the two abandoned the other is unsatisfactory, and that question can be more clearly determined by a closer and more searching investigation. For the reasons stated, we think that the judgment should be reversed, and a new trial ordered.

Judgment reversed, and new trial ordered. All concur, except HIRSCH-BERG, J., who dissents.