(86 App. Div. 352.)

PEOPLE v. CROUSE.

(Supreme Court, Appellate Division, Second Department. July 24, 1903.)

1. ABANDONMENT OF WIFE—CRIMINAL PROCEEDINGS—EVIDENCE.
    Evidence that husband and wife separated while residing in another
    state—how or for what grounds not being shown—and that she followed
    him to New York, and there stated to him that she was ready to live
    with him, and demanded that he support her, and that he refused to
    comply with her request, is not sufficient to support the charge that he
    had abandoned her, within Revised Greater New York Charter, Laws
    1901, p. 279, c. 466, § 685, providing for arrest of, and proceedings
    against, one who actually abandons his wife without adequate support.

2. SAME—FINANCIAL CONDITION—EVIDENCE.
    Evidence that the children were out of the state with their grand-
    parents, and that the wife was earning $16 a month as a domestic, in
    the absence of evidence that she was sick, or that there was any reason
    why she might not continue to find employment, is insufficient to estab-
    lish that they were likely to become a charge on the public, within Re-
    vised Greater New York Charter, Laws 1901, p. 279, c. 466, § 685, author-
    izing arrest of, and proceedings against, one who abandons his wife or
    children without adequate support, or leaves them in danger of becoming
    a burden on the public.

Appeal from Trial Term, Kings County.

Proceeding by the people against Kenneth E. Crouse, under Re-
vised Greater New York Charter, Laws 1901, p. 279, c. 466, § 685.

From a decision of the County Court affirming an order of a city magistrate adjudging defendant a disorderly person, he appeals. Reversed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Arthur H. Cameron, for appellant.

David Joyce (James McKeen, on the brief), for respondents.

WOODWARD, J. This is a proceeding under the provisions of section 685 of the Revised Greater New York Charter (Laws 1901, p. 279, c. 466); the warrant issued upon the oath of the defendant's wife, charging him with abandonment of herself and children. The defendant has been found guilty as charged, and an order, confirmed by the County Court, directs the payment of $6 per week for the period of one year. The defendant appeals.

The statute, in so far as it is important in this action, provides:

"Every person in the city of New York, as constituted by this act, who actually abandons his wife or children without adequate support, or leaves them in danger of becoming a burden upon the public, or who neglects to provide for them according to his means, or who threatens to run away and leave his wife and children a burden upon the public, may be arrested," etc.

The evidence before the magistrate conclusively established that the children who were alleged to have been abandoned had never been within the borough of Brooklyn, but were at present, and had been for a period of two years, with their grandparents, in Nova Scotia; and it was in evidence, without objection or exception, that the separation between the defendant and the complainant occurred while they were residents of Massachusetts. Subsequently the magistrate refused to permit a cross-examination of the complainant in respect to the Massachusetts separation, although it appears in evidence that the parties have not lived together since that time; and the alleged abandonment within the city of New York consisted in the claimant, under advice from the magistrate who presided at the trial, going to the defendant, at Coney Island, and stating to him that she was ready to live with him, and demanding to know if he would support her, and the defendant's alleged refusal to comply with her request. "Abandonment" and "desertion," used in connection with the marital relation, are practically synonymous (People ex rel. Com'rs of Charities v. Cullen, 153 N. Y. 629, 639, 47 N. E. 894, 896, 44 L. R. A. 420); and the rule is supported by authority that:

"No one can desert who does not actively and willfully bring to an end an existing state of cohabitation. If the state of cohabitation has already ceased to exist, whether by the adverse act of husband or wife, or even by the mutual consent of both, desertion becomes from that moment impossible to either, at least until their common-law life and home have been resumed." People ex rel. Commissioners of Charities v. Cullen, supra, page 638, 153 N. Y., page 895, 47 N. E., 44 L. R. A. 420, and authorities there cited.

There is no pretense that there was an actual state of cohabitation at the time of the alleged abandonment, nor was there any evidence of there ever having been any cohabitation within the state of New York. The abandonment, if there was an abandonment, took place

in the state of Massachusetts some two years prior to the arrest of the defendant in the city of New York, and there was no evidence in this case to show whether that separation was due to desertion on the part of the defendant or the complainant. "Desertion," as used in the law of divorce, contemplates a voluntary separation of one party from the other without justification, with the intention of not returning (Williams v. Williams, 130 N. Y. 193, 197, 29 N. E. 98, 14 L. R. A. 220, 27 Am. St. Rep. 517); and, if the complainant deserted the defendant in Massachusetts, as might be inferred from matters appearing upon the trial, the fact that she might subsequently return and offer to live with her husband would not impose the duty or obligation upon him of renewing a relation which the complainant had voluntarily relinquished. In Williams v. Williams, supra, the plaintiff, the wife, had been told by her husband that she must cease to associate or communicate with her mother; that if she refused to accept these conditions, she could not live with him. She refused to abide by this decree of the husband for a time. Subsequently, however, she offered unconditionally to return to her husband, and the latter refused to receive her. Under these circumstances the court held that the wife had never voluntarily parted with or deserted her husband in the state of New York. The court say:

"It could not be said in this case that the plaintiff's act in leaving her husband was voluntary. It was coerced by a harsh and unnatural condition, and she was at no time unwilling to return and live with him as his wife if that condition was withdrawn."

In the case at bar the evidence does not disclose the history of the Massachusetts separation, and if that separation was justified by misconduct on the part of the complainant, or was her own voluntary act, it follows of necessity that her offer to resume her place with the defendant, as his wife, could not bring her case within the rule asserted in Williams v. Williams, supra, or entitle her to be supported out of his earnings. The status of the parties before coming to the state of New York being unknown, and the desertion having taken place in Massachusetts, if at all, the defendant coming to this state and being followed by his wife some months afterward, we are of opinion that there was no evidence to support the charge that the defendant had deserted the complainant, within the meaning of the provisions of the Greater New York charter, and that the judgment appealed from should be reversed.

We are likewise of opinion that there was not sufficient evidence to establish that the complainant was likely to become a charge upon the public. Her children were concededly out of this jurisdiction; the evidence shows that she has been earning $16 per month as a domestic servant, and there is no evidence that she is ill, or that there is any reason why she may not in the future continue to find employment; and as the purpose of section 685 of the Revised Greater New York Charter is to protect the public from such a charge, rather than to adjust domestic relations, there is a further reason for a reversal of the judgment.

For these reasons, independently of other matters urged upon our attention by the appellant, we are of opinion that the judgment is

based upon a misconception of the law, and should not be permitted to stand. The judgment appealed from should be reversed.

Judgment of the County Court of Kings county reversed, and proceedings dismissed. All concur.