## WEIGAND v. WEIGAND.

(Supreme Court, Appellate Division, First Department.  March 10, 1905.)

1. HUSBAND AND WIFE—SEPARATION—COUNSEL FEES—REVIEW.

Where, in an action by a wife for separation, her husband denied that he earned more than $20 per week, the exercise of the trial court's discretion in limiting plaintiff's allowance for counsel fees to $50 would not be reversed on appeal.

2. SAME—TEMPORARY ALIMONY—PROCEDURE—JURISDICTION.

Where, in an action by a wife for separate maintenance, it was not claimed that defendant had abandoned her, but she had been obliged to leave him because of cruel and inhuman treatment, she was entitled to an allowance for temporary alimony in her action for separation, and was not bound to institute criminal proceedings against her husband before a city magistrate for abandonment, as provided by Code Cr. Proc. §§ 899, 901.

[Ed. Note.—For cases in point, see vol. 17, Cent. Dig. Divorce, §§ 613–619.]

3. SAME—AMOUNT OF ALLOWANCE.

Where, in an action for separation, plaintiff's husband denied that he earned more than $20 per week, and plaintiff's evidence tending to show that he earned upward of $50 a week was unsatisfactory, plaintiff's allowance should be limited to $12 a week, with leave to apply for a further allowance on new papers.

Appeal from Special Term, New York County.

Action by Elizabeth M. Weigand against Alexander Weigand for separation.  From an order denying plaintiff's application for alimony, and making an allowance of only $50 for counsel fees, she appeals. Modified.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, INGRAHAM, and LAUGHLIN, JJ.

Alfred Beekman, for appellant.
William J. Pape, for respondent.

LAUGHLIN, J.  A wife brings this action for separation against her husband on the ground of cruel and inhuman treatment, and such conduct toward her as renders it unsafe for her to cohabit with him. It appears from the complaint and affidavits that prior to the commencement of the action the plaintiff, owing to the misconduct of the defendant, was obliged to leave him and take her three children and live elsewhere, and that she has no means for the support of her children or herself, or with which to conduct the litigation.  The plaintiff claims and presents some evidence tending to show that the defendant earns upwards of $50 a week.  This is denied by the defendant, who, however, concedes that he earns $20 a week.

We are asked by the plaintiff to review the allowance of counsel fee. We are not disposed to interfere with the discretion of the Special Term in fixing $50 as a proper counsel fee in these circumstances. The learned justice presiding at Special Term, however, filed a memorandum opinion on denying the motion for alimony, placing the decision upon the ground that the plaintiff should apply to a city magistrate.  The learned justice must have overlooked the fact that the

basis of this action is not abandonment, in which case, perhaps, the plaintiff could speedily obtain, by pursuing, the remedy afforded in such case by the Code of Criminal Procedure. It is not claimed that the defendant abandoned the plaintiff. She was obliged to leave him. There was therefore no abandonment or desertion by him, within the purview of the provisions of the Code of Criminal Procedure (sections 899–901) designed to compel a husband to support his wife and family by summary proceedings, and thereby prevent their becoming a public charge. People ex rel. Com'rs of Public Charities v. Cullen, 153 N. Y. 629, 47 N. E. 894, 44 L. R. A. 420; People ex rel. Feeney v. Dershem, 78 App. Div. 626, 79 N. Y. Supp. 612; People v. Crouse, 86 App. Div. 352, 83 N. Y. Supp. 812; Bayne v. People, 14 Hun, 181; People ex rel. Drake v. Bergen, 36 Hun, 241; People v. Pettit, 74 N. Y. 320. Where a wife presents a prima facie case in an action for separation or divorce or a prima facie defense to such an action, and there is reasonable ground to believe that she will succeed, there is no propriety in the Supreme Court refusing to exercise the authority, conferred by the Code of Criminal Procedure, of making temporary provision for her support, and the support of the children, pending the action, and relegating her and them to courts of limited jurisdiction to there institute proceedings of a criminal nature against the husband and father. If the husband is within the state, so that a magistrate or police court may obtain jurisdiction over him, surely the Supreme Court should be able to enforce an appropriate order requiring him to provide for the support of his wife and children. We are of opinion, therefore, that alimony should have been awarded pendente lite.

The evidence presented by the plaintiff concerning the financial ability of her husband is not satisfactory, and cannot, in view of his denial, be accepted as a basis for making the allowance. We are of opinion, therefore, that, on the case as presented, an allowance of $12 a week should have been made.

The order should therefore be modified by requiring the defendant to pay $12 per week during the pendency of the action toward the support and maintenance of his wife and children, and with costs of the appeal to the appellant, and with leave to her to apply upon new papers for a further allowance, should that become necessary. All concur.