PEOPLE v. LA SCALA.

(Supreme Court, Appellate Division, Second Department.  June 7, 1912.)

CRIMINAL LAW (§ 186*)—FORMER JEOPARDY.

 Where a proceeding to adjudge defendant a disorderly person, in having abandoned his wife and child without adequate support, leaving them in danger of becoming public charges, was dismissed because no abandonment was shown, it is an adjudication that the conduct of accused up to the time of dismissal constituted no abandonment.

 [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 312, 320, 345–361;  Dec. Dig. § 186.*]

 Carr, J., dissenting.

Appeal from Kings County Court.

Joseph La Scala was, in the Domestic Relations Court, adjudged to be a disorderly person, having abandoned his wife and child without adequate support, leaving them in danger of becoming public charges, and from an order of the Second Division affirming that judgment, he appeals.  Reversed, and defendant discharged.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Henry Siegrist, of New York City, for appellant.

Herman Stiefel, of New York City, for the People.

RICH, J.  This is an appeal from an order of the County Court of Kings county, affirming an order made by the Second Division of the Domestic Relations Court of the City of New York, adjudging the defendant to be a disorderly person in having abandoned his wife and child without adequate support and leaving them in danger of becoming burdens upon the public.  The proceeding was brought under the provisions of section 685 of the charter of the city of New York (Laws 1901, c. 466), under which *actual abandonment* is necessary to constitute the offense.  The deposition of plaintiff's wife, upon which the warrant issued, charges actual abandonment to have taken place on May 25, 1911.  The evidence shows that the defendant and his wife had lived separate and apart from each other from October 26, 1910. It is not shown why the parties ceased to live together, or which one was responsible for the separation.  On February 27, 1911, a similar proceeding was dismissed by a city magistrate, "No abandonment shown."  This must be given the effect of an adjudication that the defendant was not legally chargeable and that his conduct did not constitute an actual abandonment.  They did not live together at any time after such adjudication, nor did any change occur in their relations from the time of the original separation down to the day on which the defendant was found guilty of the offense of actual abandonment. Defendant's wife testified that on May 25th, the date of the alleged abandonment, she said to him:

 "I am ready.  I want to come to you.  I want to see you.  Listen, Joe, I want to come with you.  The baby is always calling for papa, and she don't see papa."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In response to which defendant said:

"Go on, get away from here. Don't bother me. If you don't go away from here, I will kick you in the face"—and that he did then spit in her face.

The defendant denied this testimony, and testified without contradiction that at the hearing in the prior proceeding he offered to live with her as husband and wife; that such offer was made by his attorney, and the defendant made the same offer on the hearing in this proceeding. It is also proven that from the time of the separation the complainant has been supported by her parents, with whom she has resided.

The evidence is wholly insufficient to sustain the conviction. People v. Crouse, 86 App. Div. 352, 83 N. Y. Supp. 812; Peo. ex rel. Demos v. Demos, 115 App. Div. 410, 100 N. Y. Supp. 968; People v. Neyer (Co. Ct.) 79 N. Y. Supp. 367. I concur in the conclusion reached by Mr. Justice Garretson at Special Term, in considering the appellant's application for a certificate of reasonable doubt that upon the evidence there was no abandonment by the appellant of his wife and child; that the evidence does not warrant or sustain a finding that the appellant neglected or refused to properly support his wife and child, or that they were in danger of becoming burdens upon the public.

The judgment must be reversed, and defendant discharged. All concur, except CARR, J., dissenting.