(156 App. Div. 689.)

SILBERSTEIN v. SILBERSTEIN.

(Supreme Court, Appellate Division, First Department. May 2, 1913.)

1. APPEAL AND ERROR (§ 917*)—RULING ON DEMURRER—PRESUMPTIONS.

The court, on appeal from an order overruling a demurrer to the complaint, will presume that the action was not commenced before the date of the summons; the time of the commencement not being definitely shown.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3706–3709; Dec. Dig. § 917.*]

2. APPEAL AND ERROR (§ 518*)—QUESTIONS REVIEWABLE—RULINGS ON DEMURRER TO PLEADINGS.

The pleadings in a prior action between the same parties, not made a part of the complaint in the second action, are not properly before the court on appeal from an order overruling a demurrer to the complaint, though they purport to be printed in the record.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2342–2355; Dec. Dig. § 518.*]

3. APPEAL AND ERROR (§ 917*)—RULINGS ON DEMURRERS TO PLEADINGS—PRESUMPTIONS.

The court, on appeal from an order overruling a demurrer to the complaint, alleging a prior action between the same parties involving the same issue, and making a copy of the decision, but not the pleadings, a part of the complaint, must presume that the findings in the prior action were on issues duly litigated under the pleadings, or by consent, without the formality of modifying the pleadings.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3706–3709; Dec. Dig. § 917.*]

4. DIVORCE (§ 108*)—ACTIONS FOR SEPARATION—ISSUES.

The court, in a suit by a wife for a separation for the cruel and inhuman treatment of the husband, who pleads a general denial only, is not confined to finding in the negative on the respective charges; but the question whether she was justified in leaving her husband is fairly within the issues.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 349–352; Dec. Dig. § 108.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. DIVORCE (§ 37*)—SEPARATION—"ABANDONMENT."

The court, in determining whether there has been an abandonment within Code Civ. Proc. § 1762, authorizing an action for separation by a spouse on the ground of abandonment, must determine whether the abandonment was taken voluntarily, without justification, and with the intention of not returning, and if so the act constitutes abandonment, and a cause of action accrues to the spouse abandoned, which cannot be affected by an offer to return.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 27, 107–134, 136–138; Dec. Dig. § 37.*

For other definitions, see Words and Phrases, vol. 1, pp. 4–13; vol. 8, p. 7559.]

6. DIVORCE (§ 171*)—RES JUDICATA—QUESTIONS CONCLUDED.

A judgment of dismissal of an action for separation by a wife, rendered on findings negativing the charges made by the wife, and declaring that the husband had properly treated the wife, who, disregarding her duties, abandoned him, is binding on the wife acquiescing in the judgment; and a subsequent action by her for separation on the ground of the husband's abandonment does not lie.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 554–558; Dec. Dig. § 171.*]

Ingraham, P. J., dissenting.

Appeal from Special Term, New York County.

Action by Nellie Silberstein against Gerson Silberstein. From an order overruling a demurrer to the complaint, plaintiff appeals. Reversed and demurrer sustained, with leave to amend on conditions.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Otto A. Samuels, of New York City (Lewis Epstein, of Brooklyn, on the brief), for appellant.

Harold M. Phillips, of New York City, for respondent.

LAUGHLIN, J. This is an action by a wife against her husband for separation on the ground of abandonment. The demurrer was interposed upon the ground that the complaint does not set forth a cause of action.

[1] The time when this action was commenced is not definitely shown; but the summons bears date December 12, 1912, and it is to be presumed that it was not commenced before then. The plaintiff alleges that she brought another action in this court in the county of New York against the defendant for separation in the month of September, 1908, and that it was duly tried in February, 1910, and a decision embracing findings of fact and conclusions of law was made by the trial court and filed in the office of the county clerk on March 16, 1910, awarding judgment in favor of the defendant, dismissing the complaint on the merits. A copy of the decision is annexed to and made a part of the complaint.

[2] The pleadings in the former action are not made part of the complaint, and therefore, although they purport to be printed in the record, they are not properly before the court on the demurrer. The decision purports to have been made March 1, 1910, and it would

seem to appear therefrom that the former action was based on alleged cruel and inhuman treatment on the part of the husband; for it contains findings in the negative on a number of charges and none in favor of the plaintiff, and also contains findings, as follows:

"(10) That, although the defendant has always conducted himself toward the said plaintiff as a faithful husband, the plaintiff, disregarding her duties as a wife, and without the defendant's consent, on or about the 31st day of August, 1908, abandoned and deserted the defendant and left his home and the defendant, without any cause or justification therefor, and has since been willfully and continuously absent from the defendant, and with the intent not to return.

"(11) That on or about the 31st day of August, 1908, and prior thereto, this defendant duly notified plaintiff that he desired to change his residence at No. 112 East Second street, in the borough of Manhattan, city of New York, requesting her to live there with him, but she, disregarding her duties and obligations as his wife, and without any just cause or provocation, refused to accompany him there and to live there with him, and that the said change in defendant's place of residence was in the bona fide exercise of his power in good faith, and such new place of residence was and is entirely proper and sufficient for the plaintiff."

Counsel for the plaintiff points to the pleadings in the former action, which have been erroneously printed in the record, as showing that no counterclaim or new matter in defense was pleaded in the answer, and he contends that the findings quoted were not within the issues, and therefore are not binding on the plaintiff, although she has made them part of her complaint, without alleging any fact tending to show that they were not within the issues and duly made. The complaint having been dismissed and no relief awarded to the defendant, it may be inferred, perhaps, that the answer contained no counterclaim for affirmative relief; but that was not essential to confer jurisdiction to make these findings.

[3, 4] If we disregard the pleadings in the former action, as being improperly in the record, then it must be presumed that the findings were on issues duly litigated under the pleadings, or by consent, without formally modifying the pleadings. But if we are at liberty to consider the pleadings it will be observed that these findings are based on evidence presumably adduced on issues presented by the plaintiff, wherein she charged him with having abandoned her without just cause during the time and with the intent found against her in these findings. Assuming that the answer contained merely a general denial, I think that the court was not confined to finding in the negative on the respective charges, but that the question as to whether she was justified in leaving her husband was fairly within the issues. See Deisler v. Deisler, 59 App. Div. 207, 69 N. Y. Supp. 326; Hawkins v. Hawkins, 193 N. Y. 409, 86 N. E. 468, 19 L. R. A. (N. S.) 468, 127 Am. St. Rep. 979, 15 Ann. Cas. 371. If that be not so, and a husband, on account of children or for other reason, does not desire a decree against his wife, she may, without cause or justification, at any time, and as often as she likes, abandon her husband and charge him with cruel and inhuman treatment and thus live separate and apart from him practically all the time and in total disregard of her marital obligations, and, under our practice with respect to alimony, at his expense, and afford him the added luxury of furnishing the

necessary funds to enable her to conduct the litigation against him. In many jurisdictions a specified period is prescribed during which abandonment or desertion must exist or continue before a cause of action for divorce or separation on that ground accrues; and in such cases the party abandoning or deserting, if acting in good faith, may return at any time before, but not after, the expiration of the period. Benkert v. Benkert, 32 Cal. 467; Hanberry v. Hanberry, 29 Ala. 719; Fishli v. Fishli, 2 Litt. (Ky.) 337; Bishop on Marriage, Divorce, and Separation (1891) §§ 1774, 1775; 1 Nelson on Divorce and Separation (1895) §§ 75–85.

· [5] But our Legislature has prescribed no period during which the abandonment must continue (Code of Civil Proc. § 1762); and therefore, in determining whether or not there has been an abandonment, the material inquiry is whether the step was taken voluntarily, without justification and with the intention of not returning, and if so it constitutes abandonment within the purview of the statute, and a cause of action accrues to the party abandoned, which cannot be affected by an offer to return. Williams v. Williams, 130 N. Y. 193, 29 N. E. 98, 14 L. R. A. 220, 27 Am. St. Rep. 517; Uhlman v. Uhlman, 17 Abb. N. C. 236; and People v. Crouse, 86 App. Div. 352, 83 N. Y. Supp. 812.

[6] According to the finding in the former action, the plaintiff abandoned the defendant voluntarily, without cause and with the intention not to return, which brings the case directly within the authorities cited. The issues litigated in that action necessarily involved the questions as to whether the plaintiff had just cause for abandoning the defendant and did so voluntarily, because her right to recover depended thereon. It is not so clear that the issues involved and required a determination with respect to her *intention*; but it is manifest that in some cases, at least, a finding with respect to plaintiff's intention in abandoning might show that the abandonment was not caused by the acts of the defendant upon which the action was based. Moreover, if not necessarily presented by the pleadings, the parties were at liberty voluntarily to litigate this question; and as the record of the former trial ·is not before us it cannot be assumed that · they did not so litigate it. The plaintiff having acquiesced in the finding must, on this record, be deemed bound thereby.

It follows that the order should be reversed, with costs, and the demurrer sustained, with costs, but with leave to respondent to amend on payment of the courts of the appeal and of the demurrer.

McLAUGHLIN, DOWLING, and HOTCHKISS, JJ., concur.

INGRAHAM, P. J. I do not concur in the reversal of this order. The judgment in the former action did conclusively establish that the defendant had not deserted the plaintiff, as alleged in the complaint in that action, but that the plaintiff had deserted the defendant, and for that reason the plaintiff was denied a separation. That judgment was entered in February, 1910. The complaint alleged that thereafter on various occasions the plaintiff had requested the defendant that he live with her and furnish a home for her and maintain

and support her according to his means and to the best of his ability, but that the defendant has declined to live with the plaintiff, to furnish a home for her, to live with her, or to contribute anything towards her support and maintenance. So the sole question presented was whether, a wife having deserted a husband without cause, the husband is thereafter relieved from all responsibility for the support and maintenance of the wife, although the wife offers to return to her husband and resume cohabitation. It may be that if the husband had commenced an action for a separation, based on this desertion, before an offer to resume cohabitation had been made, such an offer would not have been a defense. That principle seems to have been established in England (see Cargill v. Cargill, 1 Sw. & Tr. 235); but it has not been determined, as I understand it, that where no action is commenced by the deserted party, and the other party, in good faith, offers to return and resume cohabitation, that the mere unauthorized desertion terminates the obligation of the husband for any future support. In Williams v. Williams, 130 N. Y. 193, 29 N. E. 98, 14 L. R. A. 220, 27 Am. St. Rep. 517, where there was a case of a temporary separation of the parties because of a disagreement, it was held that upon the plaintiff's offer to return unconditionally the defendant was without legal excuse in refusing to receive her, and certainly that case is not an authority for the proposition that an unauthorized desertion by the wife, without a judicial decree, forever relieves the defendant from any obligation to support, if the wife offers, in good faith, to resume cohabitation.

There is no doubt but that these parties are husband and wife. It is the policy of the law to encourage the reconciliation of a husband and wife who have become estranged, although there has been an unauthorized abandonment by one of the parties. I think, therefore, that, where there has been an abandonment by the wife and a judicial determination that it was not justified, an offer, in good faith, to resume cohabitation restores the parties to the condition they were in before the abandonment, and an absolute refusal of the husband is an abandonment which justifies an action for a separation.

The case of People v. Crouse, 86 App. Div. 352, 83 N. Y. Supp. 812, was not an action for a separation, but a proceeding under the statute to compel a defendant to contribute to the support of his wife; and, while there are some expressions in the prevailing opinion which would seem to justify the position of the appellant, the question presented was an entirely different one, and I do not consider that case as controlling.

I am therefore in favor of affirming the order.