CATHERINE A. MALONEY, Plaintiff, *v.* JAMES F. MALONEY, Defendant.

Supreme Court, Broome County, April 2, 1928.

**Husband and wife — separation — complaint alleges failure to provide for plaintiff, desertion and cruel and inhuman treatment — proof on trial does not substantiate charges — complaint dismissed.**

The complaint in this action for separation, alleging failure to provide for plaintiff, desertion and cruel and inhuman treatment, must be dismissed, where it appears that defendant provided a suitable home for his wife, together with the necessities and many of the luxuries of life; that there was no such desertion as amounted to a voluntary separation, unjustified and without intention to return; and plaintiff's proof as to cruel and inhuman treatment, assaults and generally improper conduct is without convincing corroboration.

ACTION for a separation *a mensa et thoro* under the provisions of the statute relating thereto. (Civ. Prac. Act, § 1161.)

*Robert O. Brink,* for the plaintiff.

*Frederick J. Meagher,* for the defendant.

ROLLIN W. MEEKER, Referee. The plaintiff predicates her action upon allegations of cruel and inhuman treatment; conduct on the part of the defendant toward her as may render it unsafe and improper for cohabitation; abandonment of the plaintiff by the defendant and neglect or refusal of the defendant to provide for her.

The defendant's answer consists of general denials of the material allegatoins of the plaintiff's complaint and matters of fact alleging

misconduct of the plaintiff as a defense and not by way of counterclaim.

The case has been very ably tried by competent counsel who have at all times been jealous and partisan of the rights of their respective clients, a very proper attitude for conscientious counsel in the discharge of their duties. It is the province of the court, however, to balance the scales of justice so far as is humanly possible, after they have been tipped first one way and then another, standing indifferent and independent as between the parties, seeking only the truth from the evidence adduced upon the trial.

It must be borne in mind at the outset that the burden of establishing the cause of action is primarily upon the plaintiff. She must establish at least one of her allegations by a fair preponderance of evidence. Aside from this general rule of the burden of evidence, section 1163 of the Civil Practice Act provides that if the defendant sets up, in justification, the misconduct of the plaintiff, and if that defense is established to the satisfaction of the court, the defendant is entitled to judgment.

It is unfortunate that a husband and wife, who have lived together many years, who have reached middle life and have children who are the natural objects of affection and solicitude on the part of both, cannot make mutual concessions and exercise a spirit of forgiveness of the ordinary irritations of married life arising from one cause or another, for which, perchance, neither is wholly to blame.

It appears quite convincingly that the defendant has provided a suitable home for his wife and family; that he has maintained the same and provided the necessities and many of the luxuries of life and has at all times been kind to his children and solicitous of their welfare. A regular allowance of $100 per month was made by the defendant to the plaintiff to run the house, and while it is claimed that this was wholly inadequate for that purpose, the plaintiff seems to have been well clothed and provided with an abundance of food for the entire family. In addition to this it is undisputed that the defendant contributed further sums from time to time for the use of his wife, and deposited in her name in the savings bank a substantial sum of money, delivering the book to her. The house contained musical instruments such as a victrola, player piano and they had two automobiles. It is true that the last automobile was bought with part of the moneys so deposited in the plaintiff's name, but evidently with her approval and consent. It does not appear, therefore, that the charge of failure to provide has been sustained.

The claim that the defendant abandoned plaintiff is predicated principally upon an incident occurring on September 7, 1926, when both parties had made preparations to remove to New York city. The plaintiff may have demurred and disagreed with her husband as to the judgment and advisability of removing from Binghamton to New York city under the circumstances, but she prepared the children and appeared at the railway station prior to the departure of the train, when something occurred which caused her to refuse to make the journey. I am satisfied that it was not the result of such fear and duress as to justify the plaintiff in abruptly abandoning the trip already entered upon. The threat claimed by the plaintiff, if made, could not have given rise to that degree of reasonable apprehension on her part amounting to fear of personal injury. On the contrary, it appears to have been over money matters regarding a milk bill. It is undisputed that the defendant had, a few days prior thereto, given his wife $100 with which to pay the household expenses; nevertheless, upon her refusal to pay the bill he did so; that he purchased four tickets for his wife, two children and himself to New York; that she came to the station with the evident intention of accompanying him to New York, to which place the household goods had been shipped; that for some reason and without warning, she disappeared with the children, and that the defendant made every effort to find her before the departure of the train and searched the train thereafter, as well as the second section thereof. He subsequently within about a month shipped back to Binghamton the furniture and refurnished the same house theretofore occupied by the parties, where he has continued to reside ever since. It cannot, therefore, be said from this evidence that there was such a desertion of the plaintiff as amounted to a voluntary separation, unjustified and without intention to return. (*Williams* v. *Williams*, 130 N. Y. 193.)

This brings us to a discussion as to whether there has been sufficient and convincing preponderating proof of such cruel and inhuman treatment of the plaintiff by the defendant, or such conduct on the part of the defendant toward the plaintiff, as to render it unsafe and improper for her to cohabit with him. In the oral summation of this case, the learned counsel for the plaintiff stated that he was willing to stand or fall upon a single act of cruelty and inhuman treatment (although I do not understand that he waived any other allegation in the case), which he claims is amply demonstrated by the evidence on the part of the plaintiff and her witnesses. Brushing aside for the moment the testimony of the interested parties and confining the discussion to that particular claim, being the alleged assault of August 15, 1927,

we have the evidence testified by Dr. Nunn. He was called by the plaintiff, made an examination and discovered bruises which must have been caused by some exterior force applied to the plaintiff's eye, lip and finger. How that force was applied he could not testify. Whether it was a blow inflicted by the defendant, from an accident sustained by the plaintiff, or as the result of an altercation flowing from and induced by the conduct of both parties in the heat of passion, neither of whom was free from blame, does not satisfactorily appear. As to the other allegations of cruel and inhuman treatment, assaults, improper language and general course of improper conduct on the part of the defendant, all denied by him, the plaintiff is without convincing corroboration. The defendant's testimony in many particulars is corroborated by that of neighbors. True some of them were and now are tenants of the defendant, but in the main, judging from their appearance, demeanor and manner of testifying, I am impressed that their testimony is entitled to greater weight than is to be accorded that of the sisters of the plaintiff, who are, by force of that relationship, more deeply concerned in her affairs.

Having reached the conclusion that the complaint must be dismissed, findings will be prepared accordingly, without costs to either party as against the other.