■ HAZEL HARMEN, Respondent, v. RICHARD HARMEN, Appellant. (Action No. 1.) RICHARD HARMEN, Plaintiff, v. HAZEL HARMEN, Defendant. (Action No. 2.) — In Action No. 1 by the wife against the husband for a separation, the husband appeals from an order of the Supreme Court, Westchester County, dated June 22, 1960, denying his motion to dismiss various portions of the complaint pursuant to rule 280 of the Rules of Civil Practice, or in the alternative, to make the complaint more definite and certain pursuant to rule 102 of the Rules of Civil Practice. Order modified by striking out its first decretal provision denying the motion in all respects, and by substituting therefor a provision granting the motion to the extent of dismissing the second and third causes of action of the complaint and denying the motion in other respects. As so modified, order affirmed, without costs. An amended complaint may be served within 20 days after the entry of the order hereon. The second and third causes of action fail to comply with rule 280 of the Rules of Civil Practice. In an action for a separation based upon abandonment, the complaint must state facts sufficient to establish that there was an abandonment which was willful, with the intention on the part of the defendant not to return (*Rebstock* v. *Rebstock,* 144 N. Y. S. 289, 296; cf. *Williams* v. *Williams,* 130 N. Y. 193, 197); and the complaint must also state the times and places where the acts constituting the abandonment occurred. In an action for a separation based upon nonsupport, the complaint must allege facts showing that the support furnished by the defendant is inadequate (*Rizzi* v. *Rizzi,* 279 App. Div. 676); and the complaint should also allege with reasonable certainty the times during which the defendant failed to furnish adequate support. With respect to the first cause of action pleaded, we are not prepared to say that it fails to comply with rule 280, since it does allege certain acts of misconduct and the times and places where they occurred. However, if on the trial plaintiff intends to prove specific acts of misconduct in support of the general allegations contained in subdivisions (a), (b), (c), (d), (e) and (f) of paragraph Fifth of her complaint, she should plead said specific acts in accordance with the requirements of rule 280, and if so advised, may do so in her amended complaint. Nolan, P. J., Beldock, Kleinfeld, Pette and Brennan, JJ., concur.