(12 Misc. Rep. 613.)

## PEOPLE v. MEYER.

(Court of General Sessions of New York County. May, 1895.)

1. HUSBAND AND WIFE—FAILURE TO SUPPORT WIFE.
   A complaint against a man for failure to support his wife need not be made by the commissioners of charities and correction, but may be made by any person.

2. SAME—WHAT CONSTITUTES OFFENSE.
   Where an agreement for a separation provided that the husband should pay a certain weekly sum for the support of his wife and child, and afterwards he failed to make the payments, he is guilty of neglecting to support his wife and children in the county in which she then resided.

Appeal from court of special sessions.

Louis Meyer was declared a disorderly person in failing to support his wife and child, and appeals. Affirmed.

Benj. Baker, for appellant.

Greenhall & Levy, for appellee.

Nathaniel Levy and Percy McElrath, for commissioners of charities and correction.

GOFF, R. The police justice had jurisdiction to entertain the complaint of the complainant, and to judicially pass upon and determine the question whether the appellant was a disorderly person for failure or neglect to support his wife and child (section 900 of the Criminal Code, and sections 1454 and 1455 of the consolidation act). I find no provision of law requiring the complaint to be made by the commissioners of charities and correction. Any person may make the complaint. The appellant and his wife, while residents of the city of Brooklyn, entered into an agreement—through an intervening trustee—of separation, which provided that the sum of $15 per week should be paid to the wife for the support of herself and child. This was separation, not abandonment; and, so long as the appellant continued to pay the stipulated sum, he did not abandon his wife. Whether the separation took place in the city of Brooklyn or in the city of New York is immaterial. The material

question is, where did the abandonment take place, if the appellant did abandon his wife? The evidence shows that after the separation the wife left Brooklyn, and took up her residence in New York, and that at the time when the complaint was made she was actually residing in the latter city. The appellant was bound to pay the stipulated sum to his wife, no matter where she resided. He, having agreed to the voluntary separation, was precluded from controlling her choice as to a place of residence. His domicile was no longer her domicile, and therefore she had a right to take up her residence in New York. It is conceded that he failed to pay the stipulated $15 per week, that by his own action he reduced the payment to $12 per week, and finally offered her $3 a week, which the trustee refused. The criminal law cannot enforce the observance of contracts; neither will the authorities institute or prosecute proceedings of a criminal nature for such a purpose. Did the appellant abandon his wife and child in the city of New York without providing for and furnishing them with adequate means of support, so that there would be danger of their becoming a burden on the public? That was the question for the magistrate to decide, and he decided it affirmatively, and, in my opinion, correctly. The contention by the appellant that the wife was limited in her remedy to an action through the trustee on the tripartite agreement cannot be sustained in this proceeding. That is a matter for the husband and wife to settle; but the matter of interest for the taxpayers of this city is that they should not be called upon to pay the legal obligation of the husband. The fact that husband and wife voluntarily separated under an agreement that he should pay her a stipulated weekly sum, and he violates that agreement, and then sets it up as a bar to a prosecution to compel him to support his wife, is a contention against law and reason, and, if sustained, would enable him to take advantage of his own wrong. It is urged that the wife did not, in the city of New York, demand from the husband support, and consequently he was not obliged to provide for her until such demand was made. She was not obliged to make demand upon him. A man who has an imperative duty to perform shall not wait until he is asked to perform that duty. The justice did not fix an excessive sum for allowance. The appellant's proposals to provide a home for the wife were of such a nature that the justice was right in refusing them. On the whole, the judgment of the special sessions is affirmed.