PEOPLE ex rel. GOETTING, Commissioner of Public Charities, v. SCHNITZER.

(Kings County Court. March 2, 1901.)

HUSBAND AND WIFE—DIVORCE—ABANDONMENT OF WIFE.

The pendency of a divorce suit instituted by a husband in the supreme court, and an order therein requiring the husband to pay temporary alimony, does not defeat the jurisdiction of the magistrate's court of a proceeding against the husband for the abandonment of the wife, and to require him to make provision for her support.

Appeal from magistrate's court.

Proceeding by the people, on the relation of A. H. Goetting, commissioner of public charities, against John Schnitzer for the abandonment of his wife, and to compel her support by the defendant. From a judgment of conviction in the magistrate's court, defendant appeals. Affirmed.

The defendant, John Schnitzer, brought action in the supreme court for a separation. His wife made a motion for alimony and counsel fee, and four dollars a week alimony during the pendency of the action was granted. Schnitzer refused to pay this sum, and his wife applied to Justice Worth, at the Sixth district magistrate's court, for a warrant for his arrest as a disorderly person. Code Cr. Proc. § 899. A certified copy of the order of the supreme court was handed to the justice on the arraignment, and a motion made to discharge the defendant on the ground that this order of a justice of the supreme court robbed the city magistrate of jurisdiction; citing People v. Cullen, 153 N. Y. 629, 47 N. E. 894. Motion denied. Defendant tried and convicted, and ordered to pay two dollars a week for the support of his wife, and to furnish a bond in the sum of $104. Defendant appealed.

William F. Connell, for appellant.
John Whalen (Ralph K. Jacobs, of counsel), for respondent.

HURD, J. Upon conflicting evidence the magistrate has found that the defendant willfully abandoned his wife. The case cited by the appellant (People v. Cullen, 153 N. Y. 629, 47 N. E. 894) is not in point. In that case a separation had been effected by a decree in an action by the wife. There is no separation, but an abandonment, in this case. The suit in which the order for alimony was obtained was the husband's suit, and it is still pending. The mere pendency of the suit cannot oust the magistrate of jurisdiction, for it may not succeed.

Judgment affirmed, with costs.