The People of the State of New York ex rel. James Feeney, Commissioner of Public Charities of the City of New York, Respondent, v. William Dershem, Appellant.

*Proceedings against a husband for abandoning his wife — when the proof is sufficient to sustain them — the statute must be strictly construed.*

In a proceeding by the commissioner of public charities of the city of New York under section 685 of the revised Greater New York charter (Laws of 1901, chap. 466), against a husband who is alleged to have abandoned his wife and left her in danger of becoming a charge upon the public, if it appears that the husband has, in good faith, offered to maintain his wife, but that the latter has been unwilling to occupy a home with him and has capriciously and unreasonably refused a fair provision for her maintenance, the proceeding cannot be maintained.

If, on the other hand, it appears that the offer made by the husband to provide the wife with a home was a mere formality, made in bad faith or under such conditions as assured its rejection, it will not constitute a defense to the proceeding.

The statute, being penal, must be strictly construed.

Hirschberg, J., dissented.

Appeal by the defendant, William Dershem, from a judgment of the County Court of Richmond county in favor of the relator, bearing date the 24th day of March, 1902, and entered in the office of the clerk of the county of Richmond, affirming a judgment rendered in the City Magistrates' Court of the city of New York adjudging the defendant to be a disorderly person, in that he had abandoned his wife and left her in danger of becoming a charge upon the public.

The proceeding was instituted under section 685 of the Greater New York charter.

*J. J. Bennett*, for the appellant.

*Herman Stiefel* [*Arthur F. Cosby* with him on the brief], for the respondent.

Jenks, J.:

The offense is of a criminal character, and the statute being penal must be strictly construed. (*People ex rel. Comrs. of Charities* v. *Cullen*, 153 N. Y. 629.)   As the statute and its kind do not afford

a civil remedy for the support of the wife, but are designed to prevent her from becoming a charge upon the public purse (*Bayne* v. *People*, 14 Hun, 181; *People ex rel. Douglass* v. *Naehr*, 30 id. 461), an essential fact to be established was the danger of such charge. (Greater N. Y. Charter [Laws of 1897, chap. 378], § 685.)  We are not satisfied that the People clearly proved their case.  The plaintiff upon her direct examination testified that her husband had offered to give her "a flat uptown," but that she "didn't care to take that" — she did not care to accept.   While it is true that she subsequently testified that she did not remember whether he had "ever offered me a home," she also testified that she was not willing to live with her husband.   If it should appear upon the rehearing that the husband had in good faith offered to maintain his wife, who was unwilling to occupy a home with him, and that she had capriciously or unreasonably refused a fair provision for her keep, then he is without the purview of the statute.  If, on the other hand, the offer was a mere formality, without good faith, or made under such conditions as assured its rejection, it would not, of course, shield him from the statute.  Moreover, the testimony as to which one of the two abandoned the other is unsatisfactory, and that question can be more clearly determined by a closer and more searching investigation.

For the reasons stated, we think that the judgment should be reversed and a new trial ordered.

GOODRICH, P. J., BARTLETT and WOODWARD, JJ., concurred; HIRSCHBERG, J., dissented.

Judgment reversed and new trial ordered.

---

NOTE. — The rest of the cases in this term will be found in the next volume 79, App. Div.— [REP.