ELIZABETH M. WEIGAND, Appellant, *v.* ALEXANDER WEIGAND, Respondent.

*Alimony* pendente lite — *the Supreme Court should not relegate the wife and children to an inferior court, to there institute criminal proceedings for abandonment.*

Where a wife presents a *prima facie* case in an action for separation or divorce, or a *prima facie* defense to such an action, and there is reasonable ground to believe that she will succeed, there is no propriety in the Supreme Court refusing to exercise the authority conferred by the Code of Civil Procedure (§ 1769), of making temporary provision for her support and the support of the children pending the action, and relegating her and them to courts of limited jurisdiction to there institute proceedings of a criminal nature against the husband and father for abandonment.

APPEAL by the plaintiff, Elizabeth M. Weigand, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 31st day of January, 1905, denying the plaintiff's application for alimony and granting her application for counsel fee by the allowance of fifty dollars only.

*Alfred Beekmann,* for the appellant.

*William J. Pape,* for the respondent.

LAUGHLIN, J.:

A wife brings this action for separation against her husband on the ground of cruel and inhuman treatment and such conduct towards her as renders it unsafe for her to cohabit with him. It appears from the complaint and affidavits that prior to the commencement of the action the plaintiff, owing to the misconduct of the defendant, was obliged to leave him and take her three children and live elsewhere and that she has no means for the support of her children or herself or with which to conduct the litigation. The plaintiff claims and presents some evidence tending to show that the defendant earns upwards of fifty dollars a week. This is denied by the defendant, who, however, concedes that he earns twenty dollars a week.

We are asked by the plaintiff to review the allowance of counsel fee. We are not disposed to interfere with the discretion of the Special Term in fixing fifty dollars as a proper counsel fee in these circumstances.

The learned justice presiding at Special Term, however, filed a memorandum opinion on denying the motion for alimony, placing the decision upon the ground that the plaintiff should apply to a city magistrate. The learned justice must have overlooked the fact that the basis of this action is not abandonment, in which case perhaps the plaintiff could speedily obtain relief by pursuing the remedy afforded in such case by the Code of Criminal Procedure. It is not claimed that the defendant abandoned the plaintiff. She was obliged to leave him. There was, therefore, no abandonment or desertion ·by him within the purview of the provisions of the Code of Criminal Procedure (§§ 899–901) designed to compel a husband to support his wife and family by summary proceedings and thereby pre-

vent their becoming a public charge. (*People ex rel. Comrs. of Charities* v. *Cullen,* 153 N. Y. 629; *People ex rel. Feeney* v. *Dershem,* 78 App. Div. 626; *People* v. *Crouse,* 86 id. 352; *Bayne* v. *People,* 14 Hun, 181; *People ex rel. Drake* v. *Bergen,* 36 id. 241; *People* v. *Pettit,* 74 N. Y. 320.) Where a wife presents a *prima facie* case in an action for separation or divorce or a *prima facie* defense to such an action and there is reasonable ground to believe that she will succeed, there is no propriety in the Supreme Court refusing to exercise the authority conferred by the Code of Civil Procedure, (§ 1769) of making temporary provision for her support and the support of the children pending the action and relegating her and them to courts of limited jurisdiction to there institute proceedings of a criminal nature against the husband and father. If the husband is within the State so that a magistrate or police court may obtain jurisdiction over him, surely the Supreme Court should be able to enforce an appropriate order requiring him to provide for the support of his wife and children. We are of opinion, therefore, that alimony should have been awarded *pendente lite.*

The evidence presented by the plaintiff concerning the financial ability of her husband is not satisfactory and cannot, in view of his denial, be accepted as a basis for making the allowance. We are of opinion, therefore, that on the case as presented an allowance of twelve dollars a week should have been made.

The order should, therefore, be modified by requiring the defendant to pay twelve dollars per week during the pendency of the action toward the support and maintenance of his wife and children and with costs of the appeal to the appellant, and with leave to her to apply upon new papers for a further allowance should that become necessary.

VAN BRUNT, P. J., INGRAHAM, McLAUGHLIN and HATCH, JJ., concurred.

Order modified by requiring defendant to pay plaintiff the sum of $12 per week during the pendency of the action, for the support and maintenance of his wife and children, with costs and disbursements of this appeal to the appellant, and with leave to her to apply for a further allowance should that become necessary.