(115 App. Div. 410)

### PEOPLE ex rel. DEMOS v. DEMOS.

(Supreme Court, Appellate Division, First Department. November 5, 1906.)

HUSBAND AND WIFE—ABANDONMENT—EVIDENCE—SUFFICIENCY.

Under Greater New York Charter, c. 378, p. 239, § 685, Laws 1897, as amended by Laws 1901, p. 279, c. 466, providing that every person convicted of actually abandoning his wife without adequate support may be required to pay a reasonable sum for her support, or, in default, be committed, a conviction under such statute is not sustained, where defendant procured apartments for himself and wife, which she voluntarily left, refusing on his request to live with him, and there was no proof of any imminent danger of her becoming a public charge, and the evidence as to his alleged mistreatment of her was unsatisfactory.

[Ed. Note.—For cases in point, see vol. 26, Cent. Dig. Husband and Wife, § 1102.]

Appeal from Court of General Sessions, New York County.

Emanuel Demos was convicted, under Greater New York Charter, c. 378, p. 239, § 685, Laws 1897, as amended by Laws 1901, p. 279, c. 466, as being a disorderly person in having abandoned his wife, and leaving her in danger of becoming a burden on the public, and appeals. Reversed.

Argued before O'BRIEN, P. J., and INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

Henry W. Sykes, for appellant.
Michael J. Kelly, for respondent.

HOUGHTON, J. The defendant was convicted in a Magistrate's Court of being a disorderly person in having actually abandoned his wife without adequate support, thereby rendering her liable to become a burden upon the public; and that conviction was affirmed by the Court of General Sessions of the Peace of the city and county of New York. The conviction was had under the provisions of section 685 of the Greater New York charter (chapter 378, p. 239, Laws 1897, as amended by chapter 466, p. 279, Laws 1901), which provides that every person in such city who actually abandons his wife or children without adequate support, or leaves them in danger of becoming a burden upon the public, may be arrested and brought before a city magistrate, and, upon conviction, shall be required to pay a reasonable sum weekly for their support, for the space of one year, to the commissioner of public charities, or, in default thereof, may be committed. We think the evidence did not justify the defendant's conviction or the order which was made against him.

The defendant was a restaurant keeper, and on his marriage with the complainant he secured living apartments for himself and wife. Within a few weeks after the marriage complainant became ill. She was reasonably cared for during this illness, and on her recovery began working in her husband's restaurant. An acquaintance of his, who had an apartment in another part of the city, was about to go to Europe, and a proposition was made to the complainant that she go and take care of this apartment during the absence of the proprietress; to which

she assented, believing, as she testifies, that it would be easier for her as she was not strong. She says that the defendant agreed to pay her a certain sum weekly which he failed to do. Very shortly she had him arrested for nonsupport, which proceedings were terminated by the magistrate advising them to live together and settle their difference between themselves. Thereupon the defendant caused a letter to be written to the complainant requesting her to come and live with him at the flat which he had provided, and that, in the event of her refusal, he would feel justified in abandoning such apartments. She refused to accept this offer, and attempts to justify her refusal, on the ground that defendant had treated her cruelly, and threatened to do her bodily harm. The evidence in this regard is quite unsatisfactory, and it is quite improbable that she had any reasonable grounds which justified her in refusing to live with the defendant. There was no proof that there was any imminent danger of her becoming a public charge, for she seems to have been able to provide for herself, or to have had relatives who did so.

It is quite evident that there was no abandonment of the complainant by the defendant within the contemplation of the law under which he was convicted. The offense of abandonment of one's family is of a criminal character, and the statutes relating to it must be strictly construed. People ex rel. Feeney v. Dershem, 78 App. Div. 626, 79 N. Y. Supp. 612. To constitute abandonment such as is meant by the statute by a husband or father, there must be a willful desertion and voluntary separation by the husband from his wife and children without justification and with the intent of not returning. People ex rel. Com. of Charity v. Cullen, 153 N. Y. 629, 47 N. E. 894, 44 L. R. A. 420. And to justify a conviction there must be proof that the wife or child is likely to become a charge upon the public. People v. Crouse, 86 App. Div. 352, 83 N. Y. Supp. 812. The statute was not enacted for the settlement of matrimonial differences, and Magistrates' Courts were not organized to adjust domestic quarrels. If the defendant was guilty of such conduct towards the complainant, as justified her in refusing to live with him, the courts were open to her to bring an action for separation, and thereby obtain provision for her support. A Magistrate's Court is not a divorce court, and complaint of abandonment in that court is not a proper method for obtaining a decree of separation from bed and board. To constitute the offense, a legal abandonment must be shown as well as the fact that the wife or child is likely to become a public charge, and in both respects the proof against defendant was insufficient.

The judgment appealed from should be reversed, and the proceedings dismissed. All concur.