(119 App. Div. 82)

#### PEOPLE ex rel. PALMINTERI v. PALMINTERI.

(Supreme Court, Appellate Division, Second Department. April 26, 1907.)

1. HUSBAND AND WIFE—SEPARATE MAINTENANCE.

Under New York City Charter, Laws 1901, p. 279, c. 466, § 685, authorizing an order against any man who abandons his wife without adequate support, etc., requiring him to pay a specified amount to the commissioner of public charities for her support, on the hearing of such charge, the magistrate may ignore defendant's offer to provide a house for and support his wife, if he concludes the offer is not made in good faith, and commit him as a disorderly person.

2. SAME.

Under New York City Charter, Laws 1901, p. 279, c. 466, § 685, authorizing an order against any man who abandons his wife without support, requiring him to pay a specified amount to the commissioner of public charities for her support, such an order was properly made against one who communicated a loathsome disease to his wife, and, after her removal to a hospital, removed her clothing to her parent's home, stored their household furniture, took possession of her jewelry and wedding gifts, and thereafter neglected to communicate until his arrest, though she was unwilling to live with him again.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 26, Husband and Wife, § 1102.]

Appeal from Kings County Court.

Antonio Palminteri appeals from a judgment of the County Court, affirming an order of a city magistrate adjudging him a disorderly person. Affirmed.

Argued before WOODWARD, JENKS, RICH, and GAYNOR, JJ.

Gasper J. Liota, for appellant.
James D. Bell (David Joyce, on the brief), for respondent.

RICH, J. The proceeding was instituted under section 685 of the charter of the city of New York (Laws 1901, p. 279, c. 466). It appears from the evidence on the part of complainant, and the magistrate has resolved the questions of fact in her favor, that the parties were married in July, 1904, and lived and cohabited together as husband and wife for less than one year, when she became ill with a loathsome ven-

ereal disease which necessitated her leaving her home August 26, 1905, for treatment in a hospital, where she was confined for eight weeks. Defendant visited her frequently during the first few days of her illness, and then ceased his visits, and complainant saw no more of him until his arraignment in court February 25, 1906. While complainant was confined in the hospital, defendant removed his wife's clothing from her home to the residence of her parents, stored their household furniture, took possession of complainant's jewelry and wedding gifts, and since that time has neglected to communicate with her in any manner down to the time of his arrest. That defendant abandoned his wife is not open to question. That he was responsible for her condition was satisfactorily established. Upon the trial he sought to obtain his release by testifying that he was ready and willing to provide a house and support complainant, but that she declined to live with him. We must assume that the learned magistrate reached the conclusion that this offer was not made in good faith, and under such circumstances it was properly ignored. He was not required to acquiesce in the perpetration of a fraud on the court, and if he believed that the offer was not made in good faith it was his duty to disregard it.

The serious question in this case is found in the fact that complainant stated on her cross-examination that she could not live with her husband now. The statute, as stated by Mr. Justice Jenks, in People ex rel. Feeney v. Dershem, 78 App. Div. 626, 79 N. Y. Supp. 612, is "designed to prevent her from becoming a charge upon the public purse." The learned counsel for defendant contends that where a wife refuses to live with her husband, who is willing to provide for her in her own home, for a cause entitling her to a divorce or separation, she must seek her support in a civil action for separation based upon his misconduct. But, suppose she neglects to proceed in this way; is defendant to be permitted to allow his wife to become a public charge because she does not see fit to again endanger her health by living with him? She was not required to live with a man of so little regard for decency. The law is not so unreasonable as to exact such a condition. It conclusively appears that defendant abandoned his wife without adequate support. The magistrate has held in effect that he did not intend in good faith to provide for her. She was bound, therefore, to become a charge upon the public.

We think the order adjudging defendant a disorderly person was properly made, and that the order of the County Court must be affirmed.

Judgment of the County Court of Kings county affirmed, with costs. All concur.