(139 App. Div. 361.)

### PEOPLE v. SMITH.

(Supreme Court, Appellate Division, Third Department. June 29, 1910.)

1. HUSBAND AND WIFE (§ 302*)—ABANDONMENT—ELEMENTS OF OFFENSE—"DISORDERLY PERSON."

To justify a conviction of being a "disorderly person," under Code Cr. Proc. § 899, defining disorderly persons as those who abandon their wives or children without adequate support, or leave them in danger of becoming a burden to the public, the proof must show that the family of accused is liable to become a public burden.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1100; Dec. Dig. § 302.*

For other definitions, see Words and Phrases, vol. 3, p. 2111.]

2. HUSBAND AND WIFE (§ 313*)—ABANDONMENT—STATUTORY OFFENSE.

Evidence *held* not to justify a finding that the family of accused, charged with being a disorderly person, under Code Cr. Proc. § 899, defining disorderly persons as those who abandon their wives or children, leaving them in danger of becoming a public burden, was in danger of becoming a public burden, so that a conviction was unauthorized.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1110; Dec. Dig. § 313.*]

Appeal from Albany County Court.

Michael Smith was convicted of being a disorderly person, and from an order of the County Court, affirming the judgment of conviction, he appeals. Reversed, and defendant discharged.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

William E. Woollard, for appellant.
Harold D. Alexander, for the People.

SMITH, P. J. The defendant has been convicted of being a disorderly person under section 899 of the Code of Criminal Procedure, after having failed to give a bond for $700 upon the order of the police justice of the county of Albany, made pursuant to section 901 of said Code. The evidence upon which the conviction rests is that of the complainant alone. From this evidence it appears that in May, 1905, the defendant left the complainant and her two children, charging her with adultery with a tenant in the house, and saying to her that if she would dispossess the tenant he would come back. This she refused to do, claiming that the tenant had a lease for a year and had a right to stay. It does not appear that she made any effort to get the tenant to leave, in order to induce her husband to come back and live with

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

her. The house in question was a frame house situated on Morton street, consisting of two stories and a basement, and was owned jointly by the complainant with her sister. The complainant's family occupied the lower story and the basement. The upper story was occupied, or at least part thereof was occupied, by this tenant, and the rent was being paid to the sister. The property was assessed for about $2,000 and was worth probably about $3,000. The complainant's interest in this property, about two years before the proceedings, was apparently sold to her sister, and, as far as it can be gathered from the evidence, under the agreement that the complainant should have the right to live there, rent free, and upon the payment of $200. Shortly after their separation the complainant brought the defendant before the Police Court of the city of Albany, charging nonsupport. Whereupon the defendant agreed to pay to her $7 a week for her support and that of the children. This has not been paid, but up to the time of the commencement of this proceeding the defendant paid about $14 a month to the complainant. The complainant has been able to earn from $3 to $5 a week in sewing, and this $14 a month, together with the $3 to $5 a week, has apparently been the sole source of income of the complainant for the support of herself and children since the separation. She has no rent to pay, no taxes, and no repairs. Prior to the commencement of this proceeding, for 3½ years, the complainant had made no demand upon the defendant for further support, had given no notice to him that she or her children were liable to become a charge upon the public, nor had she communicated with him in any way. Upon the facts as appear before us the defendant is liable for all necessaries that may be furnished to his family. It does not appear that any attempt had been made to procure such necessaries upon the faith of such liability, or that such necessaries could not easily be procured from this source. There is some evidence to the effect that there had been sickness, both of the children and of this complainant, and some doctors' bills and coal bills that were not paid. It is not shown how much these bills were, and the complainant is shown to have had at least $3 or $4 in her possession at the time of the commencement of the proceeding. Upon this evidence the police justice of the city of Albany required the defendant to give an undertaking of $700, conditioned that he would support his family for the year then following. Upon his statement that he was unable to give such an undertaking he was committed to the county jail for a period of 90 days. This judgment has been affirmed by the Albany County Court, and from the judgment of affirmance this appeal has been taken.

However general may be the wording of the section under which this proceeding is taken, it seems to be settled law that in order to justify a judgment of conviction thereunder there must be proof sufficient to show that the family of the defendant is liable to become a burden upon the public. In People v. Crouse, 86 App. Div. 352, 83 N. Y. Supp. 812, a precisely similar provision of the charter of the Greater New York was under examination. In the opinion of the court in construing this charter we find this interpretation:

"We are likewise of opinion that there was not sufficient evidence to establish that the complainant was likely to become a charge upon the public. Her children were concededly out of this jurisdiction. The evidence shows that she has been earning $16 per month as a domestic servant, and there is no evidence that she is ill, or that there is any reason why she may not in the future continue to find employment, and as the purpose of section 685 of the revised Greater New York Charter [Laws 1901, c. 466] is to protect the public from such a charge, rather than to adjust domestic relations, there is a further reason for a reversal of the judgment."

In People v. Dershem, 78 App. Div. 626, 79 N. Y. Supp. 612, the opinion of the court in adjudicating upon a charge under this same section of the Greater New York charter says:

"The offense is of a criminal character, and the statute, being penal, must be strictly construed. As the statute and its kind do not afford a civil remedy for the support of the wife, but was designed to prevent her from being a charge upon the public purse, an essential fact to be established was the the danger of such charge."

In People ex rel. Demos v. Demos, 115 App. Div. 410, 100 N. Y. Supp. 968, in discussing this same provision of the Greater New York charter, the opinion in part reads:

"To justify a conviction there must be proof that the wife or child is likely to become a charge upon the public."

See, also, People v. Miller, 30 Misc. Rep. 360, 63 N. Y. Supp. 949; People v. De Wolf, 133 App. Div. 880, 118 N. Y. Supp. 75; Goetting v. Normoyle, 191 N. Y. 371, 84 N. E. 287.

The evidence shows that the defendant is a master plumber, and at one time agreed to pay $7 a week to his family's support. If this were a civil action to require the defendant to provide further support for his family, the facts as here proven, in the absence of other evidence, would give full justification for a decree requiring a further provision by defendant for the family support. Inasmuch, however, as the purpose of this section is not to furnish appropriate provision for the family support, but simply to prevent the family from becoming a public burden, the proof in my judgment is not adequate to sustain the charge. It does not appear that the defendant had any reason to apprehend that his wife and children were likely to become a public charge. For over three years no further demand had been made upon him. It is unfair to him to require him to give a bond of $700, which, perchance, he is unable to give, or be confined in jail for 90 days, without clear proof of the danger to the public from which the statute was enacted to safeguard.

The judgment of conviction should therefore be reversed, and the defendant discharged.

Judgment of conviction reversed. All concur.