JOHN A. KINGSBURY, Commissioner of Public Charities of the ·City of New York, on Complaint of ROSE STERNBERG, Appellant, *v.* FRANK S. STERNBERG, Respondent.

First Department, June 8, 1917.

**Husband and wife — failure of husband to support wife — conviction as disorderly person — interlocutory decree of divorce and separation agreement no bar to proceeding.**

An interlocutory judgment for absolute divorce does not terminate the marriage of the parties, and they remain husband and wife until the entry of the final decree.

A wife who has obtained such interlocutory judgment, but has not entered final judgment is not debarred from instituting a proceeding under section 685 of the charter of the city of New York against her husband as a disorderly person because of his failure to support her.

Neither is such proceeding debarred because the parties had previously entered into a formal separation agreement in which the husband agreed to pay a certain sum for the wife's support, if he has failed to fulfill his agreement.

APPEAL by John A. Kingsbury, as commissioner of public charities, from a judgment of the Court of General Sessions of the Peace held in and for the county of New York, Part I, entered in the office of the clerk of said county on the 22d day of October, 1915, reversing a judgment of the Domestic Relations Court convicting defendant of being a disorderly person and ordering him pursuant to the provisions of section 685 of the charter of the city of New York to pay the sum of five dollars per week for one year for the support of his wife. (See Laws of 1901, chap. 466, § 685, as amd. by Laws of 1912, chap. 420, and Laws of 1914, chap. 457.)

*E. Crosby Kindleberger* [*Terence Farley, William J. Millard* and *James D. Carr* with him on the brief], for the appellant.

*Samuel B. Pollak,* for the respondent.

LAUGHLIN, J.:

In an action for divorce brought by the defendant's wife against him in the Supreme Court in the county of New York an interlocutory judgment was entered on the 24th

of January, 1913, requiring the defendant to pay for the support and maintenance of his wife the sum of nine dollars weekly, but it was provided, in the usual form, that the final judgment should not be entered until the expiration of three months after the entry of the interlocutory judgment and that it might be entered within thirty days thereafter unless otherwise directed by the court. Pending the divorce action the defendant went to Europe and returned only a few days before he was arrested and brought before the magistrate. A final judgment has not been entered pursuant to the interlocutory decree. The reversal of the conviction was upon the authority of *People ex rel. Commissioners of Charities* v. *Cullen* (153 N. Y. 629). The statutory provisions before the court in *People ex rel. Commissioners of Charities* v. *Cullen* (*supra*) were somewhat different from those on which the conviction of the defendant was had, and they were construed by the court as authorizing a conviction only for a willful and voluntary separation and abandonment without justification and failure to support. In that case, however, the alleged abandonment was after a final decree of separation from bed and board obtained by the wife which did not require the husband to support her but contained a provision for an application at the foot of the decree for support in the case of a change in his financial circumstances. The court held that after a judicial separation at the suit of the wife the marriage relation was so far terminated or suspended that the husband cannot be deemed guilty of abandonment or desertion " in any legal sense " and that the judgment effected a change in the marriage contract and required them to live apart from each other and that, therefore, the decree modified the common-law obligation of the husband to support his wife and that thereafter his legal obligation in that regard was to be measured by it. An interlocutory judgment, however, does not terminate the marriage relation and the parties remain husband and wife until the entry of the final decree. (*Matter of Crandall*, 196 N. Y. 127; *Pettit* v. *Pettit*, 105 App. Div. 312; *Burton* v. *Burton*, 150 id. 790.) Section 899, subdivision 1, of the Code of Criminal Procedure declares a husband who actually abandons his wife or children without adequate support or leaves them in danger of becoming a

burden on the public or neglects to provide for them according to his means a disorderly person; and section 685 of the Greater New York charter (Laws of 1901, chap. 466, as amd. by Laws of 1912, chap. 420, and Laws of 1914, chap. 457) declares a husband who in the city of New York actually abandons his wife or children without adequate support or leaves them or either of them in danger of becoming a burden upon the public or neglects to provide for them or either of them according to his means a disorderly person, and that evidence that they are without means shall be presumptive proof of their liability to become a charge on the public.

The wife testified that she and the defendant were married in the city of New York fifteen years ago; that they lived together five years ago in Brooklyn; that her husband left her and they subsequently entered into a formal separation agreement under date of the 6th of August, 1910, by which he agreed to pay her five dollars a week for her support and maintenance; that he made the payments under the agreement for about two years and a half and then went to Europe and has made no payment since; and that they had not lived together since, and that she was without means and unable to work.

It is contended by the respondent that both the interlocutory decree and the separation agreement constitute a defense and preclude his conviction. The case principally relied on by the respondent in support of his contention that the separation agreement constitutes a defense is *Powers* v. *Powers* (33 App. Div. 126) which was an action for a separation and in which the court refused to grant a separation on the ground of abandonment where it appeared that the parties had entered into a formal separation agreement by which they were to live separate and apart; but in that case the rights of the wife only were involved whereas here the rights of the public are involved.

It has been held that the existence of a separation agreement and an interlocutory decree of divorce in favor of the husband does not preclude his conviction as a disorderly person in failing to support his wife (*People* v. *Meyer*, 12 Misc. Rep. 613) and that even a final judgment of divorce or

separation containing a provision for the support of the wife and children is no bar to a conviction of the husband for failing to support his *children.* (*People on Complaint of Soriano* v. *Soriano,* 157 App. Div. 892; *Matter of Soriano,* 166 id. 935; affd., 216 N. Y. 720; *People ex rel. Ukers* v. *Ukers,* 172 App. Div. 907.) It has also been held that an order for alimony which the husband failed to pay was not a bar to his conviction as a disorderly person. (*People ex rel. Goetting* v. *Schnitzer,* 71 N. Y. Supp. 320.) Some of those rulings were made at Special Term but we think they are sound and that neither the separation agreement nor the interlocutory decree constitutes defense to the prosecution of the defendant and that he was properly convicted.

It follows that the order appealed from should be reversed and the judgment of the magistrate affirmed.

CLARKE, P. J., SCOTT, DAVIS and SHEARN, JJ., concurred.

Order reversed and judgment of magistrate affirmed. Order to be settled on notice.