PEOPLE ex rel. EMELIE HEINLE, Respondent, *v.* MATTHEW HEINLE, Defendant, Appellant.

(County Court, Bronx County, May, 1921.)

Husband and wife — although a wife is not entitled to an allowance for maintenance pending an action to annul the marriage, the husband is liable for her support until decree of nullity is entered.

In an action to annul a marriage the defendant's wife is not entitled to an allowance for maintenance.

Although a motion for alimony and counsel fee in a wife's action for an annulment of her marriage to defendant has been denied, defendant's motion to vacate an order theretofore made in a proceeding in the Domestic Relations Court directing him to pay her a certain sum per week toward her support is properly denied upon the ground that until the entry of a decree of nullity, the marriage is valid, and the husband must keep his wife from the likelihood of becoming a public charge.

APPEAL from an order of a city magistrate.

Milton Hart, for defendant-appellant.

John P. O'Brien, corporation counsel (John F. O'Brien and Henry J. Shields, of counsel), for respondent.

GIBBS, J. This is an appeal by the defendant-appellant from an order of the city magistrate made in the Domestic Relations Court, borough of The Bronx, denying the application to vacate an order

directing the defendant to pay his wife the sum of twelve dollars per week.

In September, 1920, the People of the State of New York on behalf of Emelie Heinle, instituted a proceeding in the Domestic Relations Court, to compel her husband to provide for her. On September 27, 1920, an order was entered on consent, directing the defendant to pay to his wife the sum of twelve dollars per week towards her support. Thereafter she instituted an action in the Supreme Court for an annulment of her marriage to the defendant on the ground of his physical incapacity. An application was made by her for alimony and counsel fee, which application was denied. The defendant thereafter made a motion before the City Magistrate to vacate the order entered on September 27, 1920, which motion was denied. From this determination the defendant appeals to this court.

The contention of the appellant is that complainant having instituted an action for annulment of her marriage, she is not entitled to receive support from him.

It is now well settled that where the wife sues for the annulment of her marriage, she is not entitled to an allowance to maintain herself. *Jones* v. *Brinsmade,* 183 N. Y. 258; *Lake* v. *Lake,* 194 id. 179. This is based upon the principle that he who elects to rescind a contract can claim nothing under it. In other words, where the wife denies the existence of a valid marriage she cannot consistently claim that the defendant is under obligation to provide her with means to carry out her suit against him. *Griffin* v. *Griffin,* 47 N. Y. 134. If the wife succeeds in her action the decree of nullity in effect dates back to the date of the marriage. In short, the parties are to be regarded as having never been married.

But in the case at bar we are confronted with another proposition. If the appellant's contention is sustained, the complainant is likely to become a charge on the public. The corporation counsel for the city of New York, who appears for the respondent, urges that the Domestic Relations Court and the Supreme Court of the state of New York have concurrent jurisdiction in proceedings for the support of a wife and that the denial of alimony in the annulment suit should not affect the ruling of the city magistrate. I believe his contention is correct.

Proceedings for the support of wives and children by their husbands and fathers are provided for in the Code of Criminal Procedure (§ 899 *et seq.*). The purpose of these proceedings is not to adjust domestic relations but to prevent abandoned wives and children from becoming public charges. *People* v. *DeWolf,* 133 App. Div. 879. It is with this in view, that the learned city magistrate denied defendant's application.

It is true that the complainant seeks to avoid the marriage but it is equally true that so far as the people of the state of New York and the city of New York are concerned her marriage to the defendant is legal and binding until a decree nullifying it is entered by a court of competent jurisdiction. She may be unsuccessful in her action or she may discontinue it. The parties may even become reconciled. In either of these contingencies, there can be no question as to defendant's duty to support her. Until there is a final determination declaring the marriage a nullity, so far as third parties are concerned, the marriage is valid and the husband must keep her from becoming a burden on the public.

The order is, therefore, affirmed.

Order affirmed.