# SUPREME COURT — APPELLATE DIVISION — FIRST DEPARTMENT.

## May 27, 1921.

# THE PEOPLE EX REL. JOSEPHINE HOUTMAN v. ANDREW HOUTMAN.

### (197 App. Div. 84.)

(1) DISORDERLY CONDUCT—FAILURE TO SUPPORT WIFE AND CHILD—INFERIOR CRIMINAL COURTS ACT, § 74, CONSTRUED.

Under section 74 of the Inferior Criminal Courts Act of the City of New York, as amended by chapter 339 of the Laws of 1919, a person who neglects adequately to provide for his wife or children, or neglects to provide for them according to his means, may be convicted as a disorderly person.

(2) SAME—SEPARATION PURSUANT TO AGREEMENT NOT DEFENSE.

The fact that a husband and wife are living apart under a separation agreement providing for the support of the wife and child does not deprive the court of jurisdiction.

(3) SAME—EVIDENCE INSUFFICIENT TO SUSTAIN CONVICTION.

The conviction of the defendant as a disorderly person was improper, where it appeared that he had paid his wife regularly for the support of herself and child the amount stipulated in a separation agreement, that the last payment was made the day before the proceedings were instituted, and that there was no evidence of a request or demand for an increased allowance because of inadequacy or any other grounds warranted under the law and of his refusal to comply therewith.

APPEAL by the defendant, Andrew Houtman, from a judgment and order of the Court of General Sessions of the Peace in and for the county of New York, entered in the office of the clerk of said court on the 13th day of October, 1920, affirming the conviction of the defendant of being a disorderly person, in failing to provide adequately for his wife and child, rendered in the Domestic Relations Court, Borough of Manhattan, City of New York, First Division, on the 18th day of May, 1920.

*James A. Blanchfield,* for the appellant.

*Henry J. Shields,* of counsel (*John F. O'Brien* with him on the brief; *John P. O'Brien, Corporation Counsel*), for the respondent.

GREENBAUM, J.:

The return of the magistrate shows that the defendant was arraigned in the Domestic Relations Court in the borough of Manhattan on the 18th day of May, 1920, on the affidavit and complaint of Josephine Houtman of 131 East One Hundred and Sixteenth street: " that she is the wife of Andrew Houtman, the defendant, who has one child dependent upon him for support; that the said defendant did on or about the 17th day of May, 1920, neglect to provide adequately for deponent and child by reason of which they are without adequate support or in danger of becoming a burden upon the public; that the defendant had not contributed to their support since the 17th day of May, 1920; that the defendant is fully able to support deponent and child."

The testimony taken before the magistrate was exceedingly meager and may be briefly summarized as follows: Plaintiff testified that she was married in 1914; that she does not live with her husband; that he did not desert her, but that they mutually agreed to separate; that he paid her regularly weekly twelve dollars in accordance with the terms of the agreement made with her when they separated; that his last weekly payment was made on the day before her complaint to the court; that she is living with her parents and giving them ten dollars per week for the support of herself and her child, a boy five years of age; that up to twelve days before the hearing she had been receiving twenty dollars per week as a dancer; that on account of prohibition she is not now able to receive as much, but has been receiving eight dollars per week; that she needs five dollars per week more and that her husband earns thirty-five dollars per week as she has been informed.

Defendant testified that he was earning from thirty to thirty-

five dollars per week; that he lives with his parents, to whom he pays eleven dollars a week board, and that he has other expenses. Neither party was represented by counsel. The magistrate did not ask what his expenses were nor was the complainant asked by the magistrate what her expenses were, outside of the weekly board.

The provision of law under which this proceeding was prosecuted is section 74 of the Inferior Criminal Courts Act of the City of New York (Laws of 1910, chap. 659), as amended by chapter 339 of the Laws of 1919, and reads in part as follows: " The following persons are declared to be disorderly persons: Every person in the city of New York who actually abandons his wife or children without adequate support; * * * or who neglects to provide for them according to his means or who threatens to leave his wife or children without adequate support, or in danger of becoming a burden upon the public; * * *. If upon examination of said defendant, it shall appear by the confession of the defendant, or by competent testimony, that he is a disorderly person, the said magistrate shall make an order specifying a fair and reasonable sum of money according to his financial ability, to be paid weekly or otherwise by said defendant * * * for the support of his wife, children, * * * as the case may be, * * *. The wife, children * * * aforesaid, is (sic) hereby declared to be a primary beneficiary of the order, and evidence that they are without means shall be presumptive proof of their liability to become a charge upon the public; and the person against whom proceedings are begun as a disorderly person shall be taken to be of sufficient financial ability to contribute to the support of the wife, children, * * * as the case may be unless the contrary shall affirmatively appear to the satisfaction of the court or judge thereof."

Defendant relies upon certain authorities which construed statutes under which a magistrate had jurisdiction to convict a defendant as a disorderly person, as they existed before the

enactment of chapter 339 of the Laws of 1919. It will be observed that under the existing law a person *who neglects adequately to provide* for his wife or children, or " who neglects to provide for them according to his means," may be declared a disorderly person.

The law as it now reads is in many respects radically different from the prior laws and it confers wide discretion upon the Domestic Relations Court. The fact that the parties had separated pursuant to an agreement providing for the support of the wife and child did not oust the magistrate from jurisdiction.

In Kingsbury v. Sternberg (178 App. Div. 435, 437, 438) the court said : " It has been held that the existence of a separation agreement and an interlocutory decree of divorce in favor of the husband does not preclude his conviction as a disorderly person in failing to support his wife (People v. Meyer, 12 Misc. Rep. 613) and that even a final judgment of divorce or separation containing a provision for the support of the wife and children is no bar to a conviction of the husband for failing to support his children." (Citing cases.)

It seems to us, however, that the testimony before us was entirely insufficient to warrant the action which the learned magistrate took. The defendant had been paying regularly the amount which he and his wife had agreed upon. All that appears is that he paid her twelve dollars a week which was in accordance with their agreement and that because she was temporarily unable to earn as much money as she had been earning twelve days before the hearing, she precipitately haled her husband into court for an increase in her allowance on the day after he had paid her the weekly amount agreed upon.

In view of the scant testimony adduced and of the fact that defendant had been regularly paying the agreed weekly allowance up to the day before the complaint was lodged against him that he was a disorderly person, there should have been some evidence of a request or demand upon him for an increased

allowance because of inadequacy or any other grounds warranted under the existing law and his refusal to comply therewith, before being summoned into court.

The defendant's attorney in his brief practically concedes the propriety of increasing the amount of the wife's allowance, but he urges that the stigma of the defendant being a " disorderly person " should be removed by a reversal.

We think that under the facts here appearing the defendant's attention should have been directed before coming into court to the plaintiff's claim of a changed situation which justified an additional allowance for herself and her child so as to enable him either to comply with or refuse her request and afford him an opportunity to defend himself against the charge of being a disorderly person.

The order should be reversed and the proceeding dismissed.

CLARKE, P. J., LAUGHLIN, DOWLING, and MERRILL, JJ., concur.

Order reversed and proceeding dismissed. Settle order on notice.