THE PEOPLE OF THE STATE OF NEW YORK ex rel. CECELIA FORD Respondent, *v.* JOHN R. FORD, Appellant.

County Court, Erie County, November, 1924.

Crimes — disorderly person — defendant convicted in City Court of Buffalo under Code of Criminal Procedure, § 899, subd. 1, on charge of abandoning wife and leaving her in danger of becoming public charge — separation action between parties pending in Supreme Court — evidence of abandonment insufficient — failure of proof that complainant may be in danger of becoming public charge — judgment of conviction reversed — proper practice is for complainant to proceed in action for separation pending in Supreme Court.

To constitute the offense of being a disorderly person pursuant to subdivision 1 of section 899 of the Code of Criminal Procedure, legal abandonment must be shown, as well as the fact that the wife or child is likely to become a public charge. While the offense is not a crime within the meaning of the Penal Law, it is clearly of a criminal nature and must be proved.

Accordingly, a judgment of conviction in the City Court of Buffalo, adjudicating the defendant guilty of the charge of being a disorderly person, under subdivision 1 of section 899 of the Code of Criminal Procedure, in that he abandoned his wife, the complainant, and left her in danger of becoming a public charge, should be reversed, where the evidence upon the question of abandonment is meagre, unsatisfactory and insufficient to prove the charge, and it is impossible to determine whether the separation or the failure to support the complainant was justified. Moreover, there is no proof that the complainant may be in danger of becoming a burden on the public, where the evidence discloses that she is in good health, living with her mother and earning six dollars per week.

The proper practice is for the complainant to proceed in her action for separation, which is pending in the Supreme Court.

APPEAL from conviction in City Court of Buffalo for violation of section 899, subdivision 1, of the Code of Criminal Procedure.

*Morris I. Lipsitz,* for the appellant.

*Guy B. Moore, District Attorney* [*William H. Hartsberg, Assistant District Attorney,* of counsel], for the respondent.

*Bernard D. Welt, Amicus Curiæ.*

NOONAN, J.:

The appellant has been convicted in the City Court of Buffalo of being a disorderly person under section 899, subdivision 1, of the Code of Criminal Procedure, which reads as follows: " The following are disorderly persons: 1. Persons who actually abandon their

wives or children, without adequate support, *or* leave them in danger of becoming a burden upon the public, *or* who neglect to provide for them according to their means."

The only witness sworn at the trial was Cecelia Ford, the complainant, and her testimony and a stipulation constitute the entire evidence in the case, and it establishes the following facts: 1. That the complainant and appellant were married November 18, 1918, and lived together until January 8, 1923, when he left the complainant, but continued to support her and saw her occasionally until September 10, 1923.  2. That the complainant began an action for separation in the Supreme Court, Erie county, about January 31, 1924, which action is still pending, and that she never applied for alimony or counsel fees therein.  3. That in 1923 (probably the latter part) at a conference at her attorney's office, she refused to live again with appellant, but later on she changed her mind and asked him to live with her.  At the trial she was asked this question: " Are you, of your own free will, willing to go back to live with him? " and she refused to answer it.  4. That complainant is now living with her mother and earning about six dollars per week in a hairdressing parlor.  5. That appellant is a pharmacist who at one time owned his own store, but there is nothing in the record to show what his income is at the present time.

At the opening of the trial counsel for the appellant moved to dismiss the case on the ground that there was a separation action pending in the Supreme Court.  This motion was denied.  The appellant was not sworn, and at the close of the complainant's case his counsel renewed his motion, and also asked for a discharge of the appellant on the ground that there was no proof that the complainant was " in danger of becoming a burden upon the public."  These motions were also denied, and the appellant asks that the judgment of conviction be reversed on two grounds: (1) That the City Court of Buffalo did not have jurisdiction because an action for separation was pending in the Supreme Court; and (2) that the evidence produced was not sufficient to prove that the complainant was in danger of becoming a public charge.

Upon the first ground the earlier cases support the appellant's contention.  In *People ex rel. Demos* v. *Demos* (115 App. Div. 410, 412) HOUGHTON, J., said: " The statute was not enacted for the settlement of matrimonial differences, and Magistrates' Courts were not organized to adjust domestic quarrels.  If the defendant was guilty of such conduct towards the complainant as justified her in refusing to live with him, the courts were open to her to

bring an action for separation and thereby obtain provision for her support. A Magistrate's Court is not a divorce court, and complaint of abandonment in that court is not a proper method for obtaining a decree of separation from bed and board." (See, also, *People* v. *De Wolf*, 133 App. Div. 879.) It would seem to be fair to require the respondent to seek relief in the forum of her own choice, but later cases hold that she also has a right to relief in a Magistrate's Court.

In *Kingsbury* v. *Sternberg* (178 App. Div. 435) there is a careful review of the cases, and Mr. Justice LAUGHLIN holds that a woman who had an interlocutory judgment of divorce but who never entered a final judgment could seek summary relief in a Magistrate's Court. (See, also, *People* v. *Meyer*, 12 Misc. 613; *People* v. *Berman*, 197 N. Y. Supp. 502; *People* v. *Houtman*, 197 App. Div. 84; *People ex rel. Goetting* v. *Schnitzer*, 71 N. Y. Supp. 320; *People ex rel. Heinle* v. *Heinle*, 115 Misc. 469.)

Upon the second ground there is ample authority to support the appellant. While the offense is not a crime within the meaning of the Penal Law, it is clearly of a criminal nature and must be proven. The statute is summary, highly penal, and should be strictly construed. (*People ex rel. Comrs. of Charities* v. *Cullen*, 153 N. Y. 629, 635; *People ex rel. Feeney* v. *Dershem*, 78 App. Div. 626; *People* v. *Pettit*, 74 N. Y. 320, 324; *Goetting* v. *Normoyle*, 191 id. 368.) To constitute the offense legal abandonment must be shown, as well as the fact that the wife or child is likely to become a public charge. (*People ex rel. Demos* v. *Demos*, 115 App. Div. 410, 413; *People* v. *De Wolf*, 133 id. 879; *People* v. *Smith*, 139 id. 361, 363; *People* v. *Crouse*, 86 id. 352; *Goetting* v. *Normoyle*, 191 N. Y. 368, 373.)

The evidence upon the question of abandonment is meager and unsatisfactory, and is insufficient to prove the charge. (*Williams* v. *Williams*, 130 N. Y. 193.) It is impossible to determine whether or not the separation of the parties or the failure to support the complainant after September 10, 1923, was justified. At the trial she would not consent to live with her husband, and refused to give any adequate reason for her refusal. The law will not compel a husband to support a wife who does not give satisfactory reasons for the separation. (*People* v. *De Wolf, supra.*)

There is no proof that the complainant may be " in danger of becoming a burden upon the public." The evidence is rather to the contrary. She is in good health, living with her mother, and earning six dollars per week on part time work. Other proper occupations for full time work are open to her. Neither can a conviction be sustained upon the theory that the appellant has

neglected to provide for his wife according to his means, because there is no proof to show what his means are.

The complainant has a remedy by proceeding in her action for separation, where she will have a full opportunity to bring out all the facts. That is the proper practice. (*People ex rel. Demos* v. *Demos, supra.*)

Because of the foregoing reasons the judgment of conviction must be reversed, and the defendant is discharged, and an order may be entered accordingly.