THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WILLIAM H. MEYER, Appellant.

County Court, Erie County, January 19, 1925.

Crimes — disorderly conduct under Code of Criminal Procedure, § 899, subd. 1 — proceedings based on alleged abandonment by defendant of wife — in separation action by wife court found in favor of defendant — no evidence that defendant could pay amount ordered — res judicata — judgment in separation action is bar — conviction reversed — statute strictly construed — legal abandonment must be proved.

A conviction of the defendant as a disorderly person under subdivision 1 of section 899 of the Code of Criminal Procedure, based on the alleged abandonment of his wife without adequate support or neglect to provide for her according to his means, must be reversed, for the evidence does not show that the defendant has any income from which he could pay the amount ordered or any other amount, and for the further reason that the proceeding is barred by a judgment of the Supreme Court in a separation action instituted by the complainant against the defendant, in which the court found that the complainant left the defendant without cause and was not entitled to a judgment of separation or to alimony.

In deciding cases under subdivision 1 of section 899 of the Code of Criminal Procedure, the statute, which is summary and highly penal, must be strictly construed and the offense clearly proved, and as an element thereof, a legal abandonment must be proven in order to convict the defendant.

APPEAL by the defendant from a judgment of conviction in the City Court of Buffalo, for a violation of section 899, subdivision 1, of the Code of Criminal Procedure.

*Fybush & Stern [Henry Stern, of counsel], for the appellant.*

*Guy B. Moore, District Attorney [William H. Hartzberg, Assistant District Attorney, of counsel], for the respondent.*

NOONAN, J.:

The appellant has been convicted in the City Court of Buffalo, of being a disorderly person under section 899, subdivision 1, of the Code of Criminal Procedure, which reads as follows:

" The following are disorderly persons:

" 1. Persons who actually abandon their wives or children, without adequate support, *or* leave them in danger of becoming a burden upon the public, *or* who neglect to provide for them according to their means."

The only witness sworn at the trial was the complainant, Etta Meyer, and her testimony and the judgment roll in a separation action, instituted by the complainant against the defendant, constitute the entire evidence in the case.

From this evidence it appears that the complainant had been separated from her husband for about ten years; that she had received no support from him for about five years; that she sued for a separation in the Supreme Court; that the case was tried; that the trial justice rendered his decision, and made, among others, the following " findings of fact: " (IV) ." That although defendant conducted himself toward the plaintiff as a faithful husband, the plaintiff, disregarding her duties as a wife, and without defendant's consent, abandoned and deserted the defendant and left the house provided for her by defendant on Mulberry Street in the City of Buffalo without cause or justification therefor, and has since been wilfully and continuously absent from it, and with intent not to return," and (V) " That by reason of the treatment accorded the defendant by the plaintiff, and because of the plaintiff's refusal to take up her home with the defendant at the place or places provided for plaintiff, defendant was and is justified in living separate and apart from the plaintiff, and plaintiff is not entitled to support and maintenance from the defendant; " and as a conclusion of law the trial court found (V) " That the plaintiff is not entitled to further alimony from defendant on and after the 9th day of January, 1922."

Upon the decision, the findings of fact and conclusions of law of the trial court, a judgment was duly entered on January 24, 1922. No appeal was ever taken by the complainant, and said judgment has never been modified. Between the entry of said judgment and the beginning of the present action in the City Court the complainant made no effort to re-establish her marital relations, nor did she ask for any support, and there is nothing in the record showing the financial condition or the income of the appellant.

A reversal of the judgment of conviction is asked for upon two grounds: (1) That there is no evidence to warrant the allowance

to the complainant of twelve dollars per week, or any other amount, for her support. (2) That the judgment in the Supreme Court action between the same parties fixed and determined the legal status of the parties, and is, therefore, a bar to the action. Both reasons are good, the first because there is no evidence whatever that appellant has any income from which he could pay the amount ordered, or any other amount (*People ex rel. Ford* v. *Ford,* 124 Misc. 19, and cases cited), and the second because the rights of the complainant and defendant were adjudicated in the Supreme Court action between the same parties, and the judgment duly entered therein is an absolute bar to this action.

The doctrine of *res judicata* was first definitely laid down in the case of *Rex* v. *Duchess of Kingston* (20 How. St. Trials, 355, 538) as follows: "*First,* that the judgment of a court of concurrent jurisdiction, directly upon the point, is as a plea, a bar, or as evidence, conclusive between the same parties, upon the same matter, directly in question in another court; *secondly,* that the judgment of a court of exclusive jurisdiction, directly upon the point, is in a like manner conclusive upon the same matter, between the same parties, coming incidentally in question in another court for a different purpose." (24 Am. & Eng. Ency. of Law, 709.) The Supreme Court and the Magistrates' Courts have concurrent jurisdiction in actions to obtain support (*Kingsbury* v. *Sternberg,* 178 App. Div. 435, and cases cited), but the Supreme Court has exclusive jurisdiction of all matrimonial actions. "A former adjudication is binding upon parties and their privies and prevents them from litigating over again such matters as were previously at issue between them and were finally decided by a competent court." (*Williams* v. *Barkley,* 165 N. Y. 48, 54.)

In deciding cases under this statute, which is summary and highly penal, it must be strictly construed, and the offense clearly proved. (*People ex rel. Commissioner of Charities* v. *Cullen,* 153 N. Y. 629, 635; *People* v. *Pettit,* 74 id. 320; *Goetting* v. *Normoyle,* 191 id. 368; *People ex rel. Feeney* v. *Dershem,* 78 App. Div. 626.) The main purpose of the statute is to give summary relief to those who have been abandoned without justification and are, therefore, in danger of becoming a charge upon the public. Unless there is an abandonment relief cannot be had in a Magistrate's Court (*Weigand* v. *Weigand,* 103 App. Div. 42), and a legal abandonment must be shown to constitute the offense. (*People ex rel. Demos* v. *Demos,* 115 App. Div. 410, 413; *People* v. *DeWolf,* 133 id. 879, 881.)

The reasons why the statute for summary relief does not apply in a case where the rights of the parties have been previously

adjudicated in the Supreme Court, are clearly stated in the opinion in *People ex rel. Commissioner of Charities* v. *Cullen* (*supra*).

The judgment of conviction must be reversed, and the case dismissed, and an order may be entered accordingly.