THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JACOB SCHENKEL, Appellant.

County Court, Saratoga County, July, 1931.

*John B. Smith, District Attorney* [*William E. Bennett* and *Anthony J. LaBelle,* of counsel], for the respondent.

*Alexander F. Walsh* [*Barrett & Simon* of counsel], for the appellant.

McKELVEY, J. The defendant appeals from a judgment of conviction, in the form of a certificate filed pursuant to section 903 of the Code of Criminal Procedure, declaring him a disorderly person within the meaning of subdivision 1 of section 899.

The same appeal was before this court on a former occasion, but I then committed the error of attempting to decide it upon what the Court of Appeals later determined was an insufficient record. After that court had corrected the mistake, by directing the filing of a further and complete return including all of the testimony taken upon the trial, such return has been filed, and I have before me at this time a somewhat voluminous record, which sets forth in detail the evidence and proceedings in the court below.

The examination of that extended record leads to the conclusion that the judgment or certificate appealed from is right upon the merits and should be affirmed, the findings of the court below being, in my opinion, in accord with the evidence and the rules of law applicable thereto. I am required by the statute (Code of Criminal Procedure, section 764) to render judgment on this appeal without regard to technical errors or defects, and in accord with the substantial merits of the case.

The substantial merits of this cause are undoubtedly with the complaining witness, as it is very clear that the defendant has, without reasonable cause, neglected to provide for his wife accord-

ing to his means. The record shows that he is a man of substantial property, that his wife is ill and in need, and he concedes that he has not contributed to her support for a long period of time. There is no doubt, in my opinion, that the court below was right in its finding that the defendant has so neglected to provide for his wife, and that she is in such condition, as to leave her in danger of becoming a burden upon the public. The fact that her sister, or someone else, has given her relief at times does not prevent such finding, nor impair its logic and propriety.

The only question which, in my opinion, need seriously concern the court is that of abandonment; and it is upon the claim that the defendant did not " abandon " his wife, within the meaning of section 899, that his attorney predicates the appeal, in large part, although some other matters are. argued, which are of a technical nature, and, in my opinion, unworthy of serious discussion.

I am not unmindful of the rule that this statute, being of a summary and highly penal nature, must be strictly construed and the offense clearly proven, as that rule is stated in such cases as *People ex rel. Commissioner of Charities* v. *Cullen* (153 N. Y. 629, 635) and *People* v. *Meyer* (124 Misc. 285, 287). Due consideration has been given, also, to those well-reasoned authorities which hold that, although subdivision 1 of section 899 reads in the alternative, upon its face referring to persons who actually abandon their wives or children without adequate support, *or* leave them in danger of becoming a burden upon the public, *or* who neglect to provide for them according to their means, nevertheless, there must be, in addition to the proof of neglect to provide and the danger of becoming a public burden, *an actual abandonment.* Of these decisions *People ex rel. Demos* v. *Demos* (115 App. Div. 410) is perhaps the best illustration, and most frequently cited.

In the present case, in my opinion, all these elements do in fact exist, and it could, therefore, serve no useful purpose to discuss the question as to whether the later decisions have or have not modified the rule of the *Demos* case. If there are opinions which seem to suggest, quite plainly, that even in cases where the parties have separated by consent, or where a decree of separation has been granted, this form of criminal proceeding may be invoked by a neglected wife (See *Kingsbury* v. *Sternberg,* 178 App. Div. 435), it would seem unnecessary to comment upon them; for in the present case the evidence fully justifies the finding of abandonment, as well as of neglect to provide and of the danger of the wife becoming a charge upon the public.

It may be true that the history of this controversy shows that at the time the parties first separated it was due, among other

disagreements, to the failure of the husband to comply with certain requests made by the wife, and that she, in a sense, left him voluntarily because of such refusal. If he were guilty of cruelty, she had the right to leave. If he had in his home a woman who was, or whom his wife believed to be, his mistress, she was fully justified in demanding that the woman leave; but it may be true that if nothing further appeared in this case her having left under such circumstances would deprive her of the right to invoke any remedy other than an action for separation in the Supreme Court of the State, wherein that court of broad and comprehensive jurisdiction would have ample facility for determining the reasonableness or unreasonableness of her claims of ill treatment. (*People* v. *Pollock,* 198 N. Y. Supp. 569.) The criminal courts have not, and may not assume, the power to settle matrimonial difficulties. (*City of New York* v. *Kaiser,* 125 Misc. 637, 639.)

But the testimony shows that subsequent to the separation of the parties, in the first instance, the wife, who was ill and in want, has at least twice requested her husband to take her back to his home, by letters which she swears she sent to him. He makes no denial in this regard, and in fact did not appear as a witness in the case, or deny anything. He does not claim that these requests were not received, nor does he deny that he ignored them. He does not contend that they contained or suggested any improper or unreasonable conditions; and if we infer that these requests contained also a demand for protection from violence at the hand of the daughter, this would not necessarily be an unreasonable suggestion. The complaining witness named the messenger who carried the communications, so there was available to the defendant the means of disproving her statement, if it could be done.

Regardless, then, of the circumstances under which the parties originally separated, we find in this proof some evidence that a wife, who is ill and without means of support, and who is in danger of becoming a public charge, has twice requested her husband to permit her to return to his home and to provide for her, and that these requests have been ignored.

I think this must constitute an abandonment within the meaning of the statute, unless we are to apply to its language an unnatural and unseemly meaning. Abandonment, it would seem, may result as well from the unreasonable refusal to resume marital relations, as from an actual desertion, consummated and continued. (*Williams* v. *Williams,* 130 N. Y. 193, 198.)

It is obvious that this entire controversy could have been much better settled and determined in the separation action which the record indicates is now pending between the parties, and which, it

would seem, may be brought to trial in the reasonably near future; but this proceeding having been instituted, I have no duty to perform other than to review the record and ascertain whether, in a legal sense, the finding of the court below is justified by sufficient legal evidence.

In my opinion it is; and the finding and certificate of the City Court should, therefore, be in all respects affirmed.

It is so ordered.