CHARLES L. ALLERS, Appellant, v. OLGA S. ALLERS, Respondent. (Appeal No. 2.) — Order modified so as to allow the father the general custody of the boy and the mother that of the girl; and to allow each parent to have both children with him or her for one month during the usual summer school vacation period; and to allow each parent to have with him or her at his or her home on each alternative Saturday and Sunday the child in the general custody of the other parent, which arrangement will have the effect of bringing the two children together every Saturday and Sunday, and of giving to each parent reasonable visitation of the child not in his or her custody. As so modified, order affirmed, upon the ground that it would be utterly impracticable and certainly very injurious to plaintiff's practice, and as well injurious to the continuance of the conditions under which the children live, to have such frequent visitations as prescribed in said order. The changes thus made, however, are not to take effect until the 1st day of July, 1922, which will be after the close of the pending school year, provided meanwhile the parents have not reconciled their differences and come together. Blackmar, P. J., Mills, Rich, Putnam and Jaycox, JJ., concur. Settle order upon notice.

CHARLES L. ALLERS, Appellant, v. OLGA S. ALLERS, Respondent. (Appeal No. 3.) — Order reversed and motion denied upon the ground that the defendant's attorneys have already been amply paid for all their services in this litigation rendered or to be rendered. Blackmar, P. J., Mills, Rich, Putnam and Jaycox, JJ., concur.

THE CITY OF NEW YORK, on Complaint of MILDRED ITZKOWITZ, Respondent, v. DAVID ITZKOWITZ, Appellant.— Order of the County Court of Kings county and order and judgment of the Domestic Relations Court, Borough of Brooklyn, reversed, and defendant discharged, for the the reason that the decision of the Domestic Relations Court adjudging defendant a disorderly person and guilty of violation of the Inferior Criminal Courts Act, section 74, subdivisions " a " and " c,"* was contrary to the evidence. There was no evidence before the magistrate that defendant abandoned his wife or child, or that he neglected to provide for them or that they were in danger of becoming a burden upon the public. On the contrary, the evidence was that the wife left the defendant, taking her child with her and breaking up the home. There is no justification in the record before us for such action on the part of the complainant wife save her statement," I felt that I was committing suicide by staying with him." But there is nothing to justify her apprehension. She gives no reason; there is no word of evidence of misconduct, abuse, cruelty or lack of support. To adjudge the defendant husband guilty of crime upon the evidence in this record appears to be contrary to law. (People v. Pettit, 74 N. Y. 320; Lutes v. Shelley, 40 Hun, 197; People v. Frederick, 78 id. 36; People ex rel. Boettcher v. Boettcher, 141 App. Div. 531; People ex rel. Demos v. Demos, 115 id. 410.) While " the law as it now reads is in many respects radically different from the prior laws and it confers wide discretion upon the Domestic Relations Court " (People v. Houtman, 197 App. Div. 84), it has not been changed so as to justify a conviction of this defendant on the evidence before us. Blackmar, P. J., Rich, Kelly, Jaycox and Manning, JJ., concur.

---

* Laws of 1910, chap. 659, § 74, subds. a, c, as amd. by Laws of 1919, chap. 339.— [REP.